[No. 5749.]

## RUDE v. SISACK.

1. **Justices of the Peace—Jurisdiction—Personal Transaction Between Partners.**

Plaintiff sued on a claim assigned to him by defendant's partner in a manufacturing venture, alleging that defendant had agreed to pay the assignor $25 per week for services in connection with such manufactory, of which defendant was to withhold $10 per week, for his assignor to fall back on if the venture failed. Held, that such action was based on a personal agreement, and not a partnership transaction, and therefore a justice of the peace would have jurisdiction.—P. 25.

2. **Appellate Practice—Review—Findings Based on Conflicting Evidence.**

Findings of fact based on conflicting evidence will not be disturbed on appeal.—P. 25.

3. **Practice in Civil Actions—Trial—Instructions—Applicability to Issues.**

In an action based upon a personal agreement of one partner to pay another for services rendered in the furtherance of the common undertaking, alleged to have been made subsequent to the partnership agreement, an instruction that there is an implied obligation on a partner to devote his services to the promotion of the firm business, and a further instruction that the partnership agreement created an obligation against the firm and not against defendant personally, were properly refused; and defendant's liability was correctly made to depend on the existence of the alleged subsequent independent personal agreement.—P. 26.

4. **City and County of Denver — Judges — De Facto Judges — Validity of Judgment.**

While the provision of the charter of the city and county of Denver providing for two judges of the county court is invalid, the judgments of such judges, while acting as de facto officers, are not void.—P. 27.

*Appeal from the County Court of the City and County of Denver.*

*Hon. H. V. Johnson, Judge.*

Action by Max Sisack against I. Rude on an assigned contract. From a judgment for plaintiff in the county court on appeal from a justice of the peace court, defendant appeals.    *Affirmed.*

Mr. E. L. SHANNON, for appellant.

Mr. PHILIP HORNBEIN, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

One Harris Strasburg invented a certain kind of an illuminated clock. Appellant Rude became interested in the invention, and a written contract was made between Strasburg and appellant upon the 17th

of December, 1903, by the terms of which Rude agreed to advance such sums of money as in his judgment would be necessary, wise and expedient (not less than five hundred dollars in amount) for the purpose of having such invention patented, manufactured and placed upon the market. Strasburg was to devote. such time and efforts to the manufacture of the clocks and for such period as the parties might mutually think necessary for the promotion of their interests, and he (Strasburg) was to receive the sum of twenty-five dollars per week for such services, payable out of the moneys to be advanced by Rude as hereinbefore set forth.

It is the contention of appellee that at the time of the making of this contract Strasburg was engaged in the business of watchmaker and jeweler, and had a small jewelry store in the city of Denver; that his time was so fully occupied by his jewelry business and store that he was unable to devote sufficient attention to the perfecting of the clock as to be satisfactory to either himself or Rude; that subsequently Rude induced Strasburg to abandon his jewelry business and store and devote his entire time to the manufacture of the clock; and that in consideration of his so doing, Rude agreed to pay him twenty-five dollars per week. Thereupon, Strasburg abandoned his other business, took a room in the Charles block in Denver, and devoted his time to the manufacture of the clock. It is further contended by appellee that Strasburg found that fifteen dollars per week was sufficient to pay his living expenses, and it was agreed that appellant should retain ten dollars per week out of the twenty-five dollars which he had agreed to pay Strasburg, so that in the event of the clock being a failure, Strasburg would have some money with which to engage in the jewelry business.

Appellant denies so much of this later contract

as relates to his making an individual or personal promise to pay the twenty-five dollars per week, but asserts that the twenty-five dollars was to be paid out of the funds of the firm as contributed by appellant under the original contract. This arrangement continued for twenty-three weeks when, at the suggestion of appellant, the project was abandoned. Strasburg had become indebted to appellee, and assigned to him his alleged claim against appellant for two hundred and thirty dollars, being the ten dollars per week claimed by Strasburg to have been retained by appellant. Appellant refused to pay the claim, and appellee brought an action in the justice court to recover the amount, from which court an appeal was taken to the county court, and appellee obtained judgment for the two hundred and thirty dollars. The matter is brought here on appeal.

The first contention of appellant is that the court erred in not granting appellant's motion to dismiss the action on the ground that the court was without jurisdiction of the subject-matter, the theory being that the action was one at law brought in a justice court by one partner against his copartner upon a demand growing out of a partnership transaction, without there having been a previous settlement of accounts, and that in such an action a justice of the peace has no jurisdiction; and that the sole remedy of the appellee was in equity by a bill for an accounting, the dissolution of the partnership and the winding up of its affairs.

This might be true if the action was brought for an accounting between partners, but that does not appear to be the case. There being no written pleadings, we must look to the testimony for the purpose of discovering what the issues are between the parties, and the testimony discloses that the action was brought for the purpose of recovering the two hun-

dred and thirty dollars which it was contended the appellant had agreed to pay Strasburg. While the labor performed by Strasburg was connected with the partnership business, the promise of remuneration, as testified to by him, was the individual and personal promise of appellant. In such cases an accounting of the partnership business is unnecessary. It resolves itself into a personal transaction between the individual members of the firm, and in such cases a justice of the peace has jurisdiction.

The next assignment of error discussed is that the court erred in not granting defendant's motion for a nonsuit. This motion was based upon the theory that the evidence failed to show that the defendant was indebted to appellant. The principal contention of appellant is that the action involved the settlement of the partnership accounts. It is unnecessary for us to devote any more attention to that branch of the case. What we have already said fully disposes of it.

As to whether the alleged modification of the old contract created a personal liability against appellant, or whether the remuneration to be received by Strasburg was to be paid out of the assets of the firm, was purely a question of fact. The testimony of Strasburg and his wife is to the effect that it was a personal promise and created an individual obligation. The court apparently believed the testimony of Strasburg and his wife as against that of appellant, and we are not at liberty to reverse the judgment upon this ground.

Defendant requested the court to give two instructions, the first of which was to the effect that there is an implied obligation on every partner to devote his service to the promotion of the common benefit of the firm without compensation, unless it be expressly stipulated between the parties, in which

event the compensation agreed upon creates an obligation against the firm. The second was that the written contract introduced in evidence was a partnership agreement, and that the provision therein contained for the payment of compensation to Strasburg created an obligation against the firm and not against Rude personally. The court refused to give these instructions, but instructed the jury that if they believed from a preponderance of the evidence that defendant and Strasburg, subsequent to the date of their partnership agreement, entered into an agreement whereby Strasburg was to perform labor in the construction and manufacture of the clock, and that defendant expressly agreed and promised to pay Strasburg for such services, and that Strasburg did perform services and assigned the account to plaintiff, they should find the verdict for the plaintiff.

Appellant contends that the court erred in refusing to give the instructions requested by him and in giving the one which was given, because, as he says, the written contract created a partnership relation and the action must necessarily be based upon that agreement, and by that agreement the compensation to be paid Strasburg was to come from the funds of the firm. That would be true if the original contract had not been modified by the agreement subsequently made, wherein it is contended that appellant promised to pay the compensation himself.

The sole issue which was tried and presented to the jury was as to whether or not this subsequent agreement had been made, and this issue was squarely presented to the jury by the instructions given by the court. The question as to whether or not the original contract created a partnership or an individual liability was not before the court and, while the instructions tendered by defendant may have stated correct principles of law, they were not applicable to the

issue which was being tried, and consequently the court committed no error in refusing to give them.

The next five assignments of error relate to the same matters as hereinbefore discussed, and will not be referred to further.

It is finally contended that W. F. Hynes, claiming to be a justice of the peace and before whom the action was brought, and Henry V. Johnson, who assumed to preside over the county court, were not legally constituted officials and were usurping the offices which they assumed to hold. We find nothing in the record nor in the assignment of errors which warrants the statement that the party assuming to act as the justice of the peace was a usurper. Since the action was tried in the county court, this court has held that the provision of the charter of the city and county of Denver providing that the county court of such county shall consist of two judges, was invalid (*People ex rel. v. Johnson,* 34 Colo. 143), but that does not make the judgments of such judges, while acting as *de facto* officers, void. We have expressly held otherwise, *Butler v. Phillips,* 38 Colo. 378.

This case having been twice tried, once in the justice court and once in the county court, and each trial resulting in a verdict and judgment for the plaintiff, and perceiving no error in the record, the judgment will be affirmed.                   *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.