## DELLEFIELD v. BLOCKDEL REALTY CO., Inc., et al.

District Court, S. D. New York.

Feb. 4, 1941.

See also 1 F.R.D. 42.

Isidor Lazarus, of New York City, for plaintiff.

Theodore B. Richter, of New York City, for defendants.

CONGER, District Judge.

Defendants move to strike this action from the jury calendar of this court, and transfer the same to the nonjury calendar. Plaintiff, heretofore, has served a jury demand, placing counts (3), (4) and (8) of the complaint, together with defendants' counterclaims, upon the jury calendar.

It appears from the complaint that the plaintiff charges, in separate counts or causes of action: (1) that the defendants held in trust her own stock in defendant corporations, and that they have failed to turn it back or account therefor; (2) that they held the stock of her intestate (her deceased husband) in trust, and have failed to turn it back or account therefor; (3) that the defendants fraudulently induced her to do certain acts and execute certain papers purporting to transfer legal and equitable title to the shares of said stock to the defendants, and that she suffered damages in the sum of $245,000; (4) that the defendants fraudulently induced plaintiff's intestate to do certain acts and execute certain papers purporting to transfer title to his said stock to defendants, and that he was damaged in the sum of $5,-000; (5) that because of the fraudulently induced transfer, plaintiff demands a rescission of her own transfers, deliveries and other acts; (6) that because of the fraudulently induced transfer by her intestate, she demands a rescission of her intestate's transfers, deliveries and other acts; (7) that there existed between plaintiff and her intestate on the one hand, and the individual defendants on the other, a partnership, and that the defendant partners failed to account to plaintiff or her intestate for their share of the profits of the partnership; (8) that the defendant partners have wasted all the assets of the partnership, and therefore plaintiff and her intestate have together been injured at least in the sum of $250,000; (9) that the partners have been and are unable to agree

upon a policy for the conduct of the business of the defendant corporations in which the partners are directly concerned; and (10) that the plaintiff, individually and on behalf of her intestate is suing as a stockholder of the corporations for waste of the corporate assets by the individual defendants, which action will enure to the benefit of the corporations.

Plaintiff in her prayer for relief demands (a) that the defendants turn over, surrender and fully account for all property entrusted to them; (b) that the defendants account upon any partnership found and any dissolution thereof; (c) that this court adjudicate and carry out a rescission of all transfers made by plaintiff and her intestate to defendants; (d) that the plaintiff have money judgments in the sum of at least $250,000; (e) that the court enjoin the defendants from dissolving these "close corporations"; (f) that the court enjoin the defendants from transferring or disposing of or improperly dealing with any of the subject matter of this action; (g) that the individual defendants be ordered to restore to the corporate defendants such money and other property as they may have wasted; (h) that the defendants pay the costs and disbursements of this action and reasonable attorneys' fees; and (i) such other, further and different relief as is just and equitable, including the appointment of a receiver and any other appropriate provisional and/or permanent relief.

The defendants have answered the complaint with certain admissions and denials, and have set out three affirmative defenses, together with two counterclaims by the corporate defendant Blockdel Realty Co. Inc., one for monies loaned and the other on an account stated.

■ I am of the opinion that defendants' motion to strike this case from the jury calendar should be denied as to counts (3) and (4) of the complaint, and as to defendants' counterclaims; and should be granted as to count (8) of the complaint.

Counts (3) and (4) of the complaint contain the gravamen of this action. These are actions for conversion based upon defendants' fraud, and if pleaded alone in a separate complaint would entitle the plaintiff to a jury trial as of right on these issues.

The other counts of the complaint are equitable and equitable relief is prayed for in connection with them. Yet, in these counts particularly counts (5) and (6), the main issue is also whether or not plaintiff and her intestate were induced to part with their stock by the false and fraudulent representations of the defendants.

Count (8) of the complaint, although claiming a definite sum of money damages, is in reality for an accounting between partners growing out of their partnership and relationship thereto. Plaintiff is not entitled as a matter of right to have the issue of count (8) tried by a jury.

I believe that the correct procedure at the trial of this case would be as follows: A jury should be impanelled to try the issues in respect to the allegations of counts (3) and (4) of the complaint and the special defenses to these counts; likewise the allegations of defendants' counterclaims.

■ The trial court, if it be so disposed, may also submit the question of fraud, common to all or any of the other counts, to the same jury whose findings will be advisory only. See Rule 39(c), Federal Rules of Civil Procedure.

The determination of the remaining issues of the counts not triable of right by a jury will be left to the trial court. Of course the procedure to be followed is within the province of the trial court, but it seems to me that there should not be two trials of the same issues, one by the jury and the other by the court.

Defendants' motion is denied as to counts (3) and (4) of the complaint, the defenses thereto and the counterclaims, and granted as to count (8) of the complaint. Settle order on notice.