No. 14,752.

L. H. HEISELT, INC. *v.* BROWN AND OTHERS DOING BUSINESS AS BROWN-SCHREPFERMAN & CO. ET AL.

(120 P. [2d] 644)

Decided December 22, 1941.

Mr. JEAN S. BREITENSTEIN, Mr. JOHN G. REID, Mr. BEN E. ROBERTS, Mr. BEN E. ROBERTS, JR., for plaintiff in error.

Mr. WALTER E. SCHWED, Mr. ROBERT C. NELSON, for defendants in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE defendant in error Brown-Schrepferman & Co., having been the low bidder on a road project (PWA #5003-B) for the State of Colorado, entered into a written contract with plaintiff in error and one Frank Robson, whereby such three parties, as copartners, agreed to carry out and perform the construction of the above mentioned highway project, as well as "any other road construction work undertaken" by Brown-Schrepferman & Co. A few days after the execution of said partnership agreement, Brown-Schrepferman & Co. formally entered into a contract with the State Highway Department for the construction of project #5003-B and on the same day, pursuant to the requirements of such contract, delivered to the Highway Department the usual performance and liability bond running to the State of Colorado, in which defendant in error, the United States Fidelity and Guaranty Company, was surety and Brown-Schrepferman & Co. the principal. The action here under consideration was brought by plaintiff in error to recover from the individual defendants in error, doing business as Brown-Schrepferman & Co., a copartnership, and from the United States Fidelity & Guaranty Co. as the surety on the bond last mentioned, for rentals on equipment sold, for transportation charges incurred, and for damages for breach of contract in refusing to rent certain equipment; also for damaging, failing to repair, and failing to return certain other of plaintiff in error's equipment, all of which demands were alleged to have

arisen in connection with the performance of the said highway contract project. Robson, the third partner, was not joined as a party in the action.

The complaint contained three causes of action. The first cause of action sought recovery in the amount of $33,051.72 for all the items embraced in the separate counts of the second cause of action and in the third cause of action. By five separate counts incorporated in the second cause of action and by the third cause of action, plaintiff in error covered all of the items which comprised the aggregate recovery sought by the first cause of action. Three separate demurrers to the complaint were filed, one by defendants in error James S. Brown, J. Alvin Schrepferman, C. M. Schrepferman and Charles M. Brown, the second on behalf of defendant in error Conrad C. Schrepferman, and the third by defendant in error United States Fidelity and Guaranty Company. Said demurrers were identical in form and each was based upon the grounds: (1) That several causes of action were improperly united in the complaint; (2) that there was a misjoinder of parties defendant therein, and (3) that neither the complaint, nor any of the separate causes of action or counts thereof, stated facts sufficient to constitute a cause of action against defendants in error. These demurrers were sustained by the district court. Plaintiff elected to stand on its complaint and accordingly judgment of dismissal was entered. Plaintiff in error prosecutes a writ of error to review the judgment.

For the reasons we shall hereinafter state, we are satisfied that the complaint did not state facts sufficient to constitute a cause of action and the judgment of the district court must be affirmed upon that ground. In view of this conclusion it is unnecessary for us to consider the other two grounds set out in the demurrers.

[■■ As appears from our resumé of the facts concerning the relationship of the parties and the subjects of the controversy, derived from the complaint and its in-

corporated exhibits, plaintiff in error here seeks to maintain an action at law against one of its copartners on account of matters connected with, and growing out of, the partnership. It is a general rule that an action at law by one partner against his copartners will not lie on a claim growing out of the partnership transactions until the partnership business is wound up and the accounts finally settled. 47 C.J., p. 802, §250. As supporting this statement, *Robinson v. Compher*, 13 Colo. App. 343, 57 Pac. 754, is cited. See, also, 20 R.C.L., p. 924, §139, Annotations in 21 A.L.R. 21, and 58 A.L.R. 621. It is not alleged in the complaint that there has been a settlement of the accounts of the partnership, that it has been dissolved, or its business concluded. Plaintiff in error concedes that the general limitations on rights of actions between partners are as above stated, but contends that the present action comes within certain recognized exceptions to the general rule. It is first asserted that the causes of action here alleged relate only to a single partnership transaction or venture; i.e., the construction of highway project #5003-B, and that in such circumstance the action properly may be maintained without an accounting. The scope of this exception is accurately stated in 20 R.C.L., p. 933, §151, where it is said that a well-established exception to the general rule "permits a suit in assumpsit in reference to a single transaction of a partnership. Thus, a partner's share of a single item of partnership profits, the result of a single transaction, may be recovered by an action at law of a copartner if all the other partnership dealings are settled between the partners, and the same is true where a partnership exists for a single venture or a special purpose." Also, see 47 C.J., p. 805, §251. The partnership contract here involved, inter alia, provided: "In regard to any other work undertaken by parties hereto, it is mutually agreed that any profit or loss from same shall be placed in assets or liabilities resulting from P.W.A. project #5003-B the same as if it were part of

this job with the specific exemption of any building construction which Brown-Schrepferman & Co. shall undertake in their own name." Consistently the second paragraph of its preamble, in addition to project #5003-B, makes the agreement applicable to "any other road construction undertaken" by Brown-Schrepferman & Co. It thus is evident from the terms of the articles creating the partnership that it was not conceived to exist for a single venture only, but on the contrary was designed to permit general operations in the road construction field. Accordingly the "single venture" exception to the general rule is without application here. Nor is the exemption of this exception invokable by plaintiff in error, even if it extends beyond actions for the recovery of money had and received or for profits, which we do not determine, and the construction of project #5003-B is considered as a "single transaction," since the complaint does not allege that all "other partnership dealings" have been "settled between the parties."

Plaintiff in error next contends, also by way of claimed exception to the general rule, that "the items herein sued upon have been severed and segregated from the partnership business sufficiently to permit the maintenance of an action at law for recovery of the sums claimed."

The partnership contract here under consideration, inter alia, contains the following stipulations:

"Brown-Schrepferman & Co. to furnish any necessary money on job with the exception of $10,000 which will be furnished by L. H. Heiselt, Inc. [plaintiff in error] * * *

"In case of a loss on job Brown-Schrepferman & Co. and L. H. Heiselt, Inc. to share such monetary loss equally up to $10,000 each, after the first $20,000 Brown-Schrepferman & Co. shall be liable for any further loss, any monetary loss to be paid after liquidation of community assets."

The contract further provided that, after settlement of the claims of the partnership and before division of the profits: "Any money used to finance the job will first be repaid to the partners who have advanced same with interest at the rate of 6% per annum for time during which money was actually used."

Plaintiff in error asserts that it has paid its $10,000 and contends that thereafter and as a result thereof, in the light of the foregoing provisions of the contract, it became the sole liability and obligation of defendant in error Brown-Schrepferman & Co. as upon an individual promise of one partner to another, to pay plaintiff in error for the items upon which this action was instituted. An examination of the cases cited by its counsel upon this point discloses either that the liability for which recovery was upheld without an accounting arose from a personal transaction between individual members of the firm independent from the partnership, as in *Rude v. Sisack,* 44 Colo. 21, 96 Pac. 976, and *Haskins v. Curran,* 4 Ida. 573, 43 Pac. 559, or where, if the subject matter of the suit ever had been a matter of partnership concern, there had been some explicit and express acts of the parties by which new and separate interests and liabilities between them had been created. Thus, in *Carpenter v. Greenop,* 74 Mich. 664, 42 N.W. 276, 16 Am. St. Rep. 662, 4 L.R.A. 241; *In re Estate of Talbot,* 200 Ia. 575, 203 N.W. 303; *McDonald v. McDonald,* 119 Wash. 396, 206 Pac. 23; and *Blee v. Lead Mountain Mines,* 8 Cal. (2d) 550, 66 P. (2d) 646, recoveries upon partnership notes given to a partner for money loaned the firm were permitted without there having been a partnership accounting, upon the ground that the execution of the notes was such an acknowledgment of the isolation of these particular transactions from the general company affairs as to allow a separate action on the obligations so created. See, also, *Van Ness v. Forrest,* 8 Cranch (U.S.) 30, 3 L. Ed. 478. In *Ristine v. Ruml,* 197 Ia. 1193, 197 N.W. 27, where one partner gave a due bill to his

firm for his overdrafts as shown by previous audits, it was held that the transaction thereby was segregated from the partnership business and became an individual obligation of one partner to another. In *Mulligan v. Kraus*, 151 N.Y.S. 401, a partner who had leased real estate to his copartnership at a fixed rent, upon defaults in the payment thereof, was permitted to recover possession of the property in a summary proceeding without a partnership accounting because of an express written agreement providing that the relations of the owner as lessor and as a partner should be kept separate.

As we apprehend, our analysis of these cases demonstrates their inapplicability as authorities to the contingencies disclosed by the pleadings and partnership contract in the instant case. Here the contract provided that each of the three parties thereto should "rent such equipment as they have available and desirable for use on this job, for which each party will be paid rent at the rates set out on the rider attached hereto, which shall include a purchase option, rentals to be paid concurrent with other rentals." Conformably, a list of such equipment as plaintiff in error had available for partnership use was attached to the contract and therein the agreed rental for each of such items was specified. The agreement expressly stipulated that such rentals should be paid from the partnership assets before any division of profits between the partners. The partnership agreement further provided for payment by the partnership of certain transportation charges on equipment and for the purchase and repair of such on the partnership account. By the legitimate allegations of the complaint, as distinguished from certain naked and unjustified conclusions expressed therein and hereinafter to be mentioned, it appears that each and every of the transactions in controversy originated in the partnership highway construction operations and were in furtherance thereof, and, except for rental on a dinky locomotive,

allegedly used on project #5003-B, the various recoveries sought were computed on the basis fixed by the partnership agreement itself. Thus, all of "the items sued upon" in reality were matters of partnership indebtedness. Except as to capital advances and a secondary liability to pay losses in excess of $20,000, upon certain conditions, expressed in language of the contract hereinabove quoted, the partnership articles enjoined no duty on defendant in error Brown-Schrepferman & Co. different from that exacted from the other partners. In other words, the contract imposed no individual primary liability upon Brown-Schrepferman & Co. to pay items of partnership indebtedness to plaintiff in error or anyone else.

Under the terms of the contract the individual secondary liability of defendant in error Brown-Schrepferman & Co. for losses in excess of $20,000, did not attach until the monetary losses of the partnership exceeded $20,000 and no obligation to pay such excess arose until "after the liquidation of community assets." The complaint does not allege that the partnership suffered losses in the sum of $20,000 or any other amount whatsoever and does not so much as intimate that a liquidation of the partnership assets has been attempted or accomplished. By reason of these deficiencies in the complaint, questions concerning the secondary liability of defendants in error for partnership indebtedness are not for consideration in this proceeding.

The considerations concerning the contract and pleadings we have expressed, in our opinion establish that plaintiff in error has wholly failed to bring its case within the scope of the exception recognized in the cases cited by it and which we have reviewed. Our resumé of the matters in controversy also indicates that the oft-repeated allegations of the complaint, to the effect that Brown-Schrepferman & Co. had individually promised to pay plaintiff in error, as upon an original promise, for the items sued upon, are but naked conclusions at

variance and in direct conflict with the partnership contract and the properly pleaded allegations of the complaint.

Plaintiff in error next asserts that this action can be maintained by it without any prior accounting because it does not appear from the complaint that there are any complicated items or transactions which require a partnership accounting. In view of the great number of items set out in Exhibit D, which is incorporated in and made a part of the complaint, we are not inclined to agree with this assertion as to the lack of complications in the transactions in controversy. Furthermore, this exception to the general rule is usually treated as a corollary element for consideration where, differently than here, one of the other principal grounds of exception attains in conjunction. Rowley, Modern Law of Partnership, vol. 2, §745.

The predicament of plaintiff in error as to the insufficiency of its complaint is in no manner nullified by the provisions of section 1 of the Code of Civil Procedure, which abolishes the distinction between actions at law and suits in equity. "Under the reformed codes, where the form of action at law and equity is the same, there are no greater rights of one partner to sue another than at common law or at equity and therefore in order to sue a copartner under the codes a partner must state facts sufficient to entitle him to equitable relief or bring his cause within the exceptions to the common-law rule." Rowley, Modern Law of Partnership, vol. 2, §743.

Since the complaint fails to state a cause of action against the defendant in error Brown-Schrepferman & Co., of course, for the same reasons, it is insufficient as against the latter's surety and codefendant.

The judgment is affirmed. Defendants in error shall bear the expense of the supplemental abstract filed by them.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE BURKE concur.