**FAVORITE FILMS CORP. et al. v. WARNER BROS. PICTURES, Inc.**

United States District Court
S. D. New York.

Dec. 31, 1952.

---

Fitelson & Mayers, New York City, (Harold J. Sherman, New York City, of counsel), for plaintiffs.

R. W. Perkins, New York City, (Joseph D. Karp, New York City, of counsel), for defendants.

WEINFELD, District Judge.

Three corporations which now own rights to exploit a motion picture entitled "About Face," originally produced in 1941, but claimed still to possess popular appeal and commercial value, have brought this action in which they complain of the defendant's recent release of another picture under the same title, as unfair competition. Federal jurisdiction rests on diversity of citizenship.

The complaint alleges six separate causes of action, two in favor of each of the three plaintiffs, the two causes of action in each instance being substantially the same, except for necessary differences because asserted on behalf of the particular plaintiff. The first cause of action on behalf of each plaintiff is clearly in equity and supports the prayer for an injunction and accounting, while the second realleges the facts already stated but concludes with an allegation of money damages appropriate to the demand for money damages.

The plaintiffs having served a demand for a jury trial of "all the issues so triable * * *," the defendant moves to strike the demand and to transfer the case to the nonjury calendar, on the ground that the action is in equity and the plaintiffs have no right to jury trial. It is clear from the complaint, however, that the second, fourth and sixth causes of action, are plainly actions at law for money damages. These are claims at law triable to a jury, notwithstanding their joinder in the complaint with claims in equity based on the very transactions for which damages are demanded.[1]

In the recent case of Russell v. Laurel Music Corp., D.C.1952, 104 F.Supp. 815, Judge Noonan upheld the plaintiffs' right to a jury trial of the claim for money damages, though the complaint contained only a single count on which both legal and equitable relief were sought. Here, the plaintiffs have separated their legal

from their equitable claims, and under the authorities are entitled to a jury trial of the former. The question is so fully covered by Judge Noonan that further discussion here becomes superfluous.

The motion to transfer the cause to the non-jury calendar is accordingly denied. Settle order on notice.

1. Ring v. Spina, 2 Cir., 1948, 166 F.2d 546, 549–550, certiorari denied 335 U.S. 813, 69 S.Ct. 30, 93 L.Ed. 368; Bruckman v. Hollzer, 9 Cir., 1946, 152 F.2d 730, 731–733; Dellefield v. Blockdel Realty Co., D.C.S.D.N.Y., 1941, 1 F.R.D. 689, 690.