Harriet BERGER, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 6509.

United States Court of Appeals Tenth Circuit.

May 24, 1961.

Don M. Jackson, Kansas City, Mo. (Willard L. Phillips, Kansas City, Kan., on brief), for appellant.

J. Milton Sullivant, Kansas City, Kan. (Kenneth M. Wormwood, Denver, Colo., on brief), for appellee.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and KERR, District Judge.

MURRAH, Chief Judge.

In this diversity-negligence suit, plaintiff-appellant appeals from the judgment of the trial court dismissing her claim against defendant insurance company on the grounds that she had elected in a prior suit to pursue an inconsistent remedy.

The material facts are that plaintiff sued a third party, Berdell, for injuries resulting from an automobile collision allegedly caused by the negligence of Berdell. In her answer Berdell pleaded a written release of all claims of liability, signed by plaintiff at the instigation of appellee-insurer who carried the insurance policies on both automobiles. By a subsequent pleading, denominated a reply, plaintiff denied execution of the release and stated that if executed it was invalid for fraudulent procurement.

Apparently after pretrial discovery, plaintiff instituted this action against the insurer, affirming the release, and alleging in effect that it constitutes a valid defense to the claim against Berdell, but because of its fraudulent procurement by the insurer, she was deprived of her right of action in the prior suit. The prayer was for damages in the amount of her claim against Berdell and for punitive damages.

Applying Kansas law, the trial court held that plaintiff, having elected in the first suit to pursue her right to disaffirm the release, was thereafter precluded from affirming it; and that the second suit based upon its fraudulent procurement was therefore not maintainable.

■ Under federal law an election of remedies is a "rule of procedure or judicial administration" and is sparingly applied. See Mr. Justice Brandeis dissenting in United States v. Oregon Lumber Co., 260 U.S. 290, 307, 43 S.Ct. 100, 67 L.Ed. 261; Bernstein v. United States, 10 Cir., 256 F.2d 697, 704, 706; Minneapolis National Bank of Minneapolis, Kansas v. Liberty National Bank of Kansas City, 10 Cir., 72 F.2d 434. Indeed, the Federal Rules of Civil Procedure expressly provide that "a party may * * * state as many separate claims * * * as he has regardless of consistency * * *." Rule 8(e) (2), 28 U.S.C.A. See Bernstein v. United States, supra; Blazer v. Black, 10 Cir., 196 F.2d 139.

But, the law generally recognizes a rather nebulous distinction between the choice of remedies in its narrow sense and a choice between alternative rights of action upon which the outcome of litigation depends. See Mr. Justice Brandeis in United States v. Oregon Lumber Co., supra; Wilhorn Builders, Inc. v. Cortaro Management Company, 81 Ariz. 381, 307 P.2d 94; United States Fidelity & Guaranty Co. v. First National Bank, 5 Cir., 172 F.2d 258; Restatement of Contracts, § 381; Annotation 6 A.L.R.2d 23.

■■ Applicable law, however, is not determined by the fine distinction between procedural remedies and remedial rights, for, under the controlling conflicts rule, as announced in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82

L.Ed. 1188, and vitalized in subsequent cases, the overriding consideration in diversity cases is not whether the matter is "procedural" or "substantive", but rather whether in a suit for the enforcement of state created rights the outcome would be "substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a state court." Guaranty Trust Co. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079. See also Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524; Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528; Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953; Allstate Insurance Co. v. Charneski, 7 Cir., 286 F.2d 238. In a diversity suit, a federal court is but another local forum and the right to recover is measured by the law of the state. If therefore the asserted right of action would not be maintainable in a state court, it is not maintainable here.

Appellant does not deny the controlling effect of the Kansas rule on election of remedies, but earnestly contends that she did not make a binding election under applicable Kansas law.

■ Kansas has consistently adhered to a strict rule on election of remedies to the effect that "when the law gives several means of redress or relief predicated upon conflicting theories, the election of one of them operates as a bar against the subsequent adoption of the others."

Davidson v. McKown, 157 Kan. 217, 139 P.2d 421, 426, 6 A.L.R.2d 1, 7. See also Taylor v. Robertson Petroleum Co., 156 Kan. 822, 137 P.2d 150. The essential elements of an election are simply (1) the existence of two or more inconsistent remedial rights, and (2) the knowledgeable and unequivocal choice of one of them. Taylor v. Robertson Petroleum Co., supra; Kuhl v. Hayes, 10 Cir., 212 F.2d 37.

■ The existence of the two inconsistent remedial rights is conceded. And see Ware v. State Farm Mutual Automobile Insurance Co., 181 Kan. 291, 311 P.2d 316, 320. The narrow question then is whether plaintiff-appellant knowingly made an unequivocal choice. It may be assumed that at the time plaintiff complained against Berdell, she had no knowledge of the existence of the release sufficient to make an intelligent decision regarding it. When Berdell answered, however, the release was attached and affirmatively relied upon as a defense. And, there can be no doubt that plaintiff then had full knowledge of its content and legal import. She was then in a position to intelligently act upon it, and in her reply clearly stated that she considered the release " * * * invalid and of no legal force and effect."[1] At this juncture plaintiff had been apprised of all the material facts and all possible routes were open to her. She did not seek to dismiss the complaint in the first suit, or request the court to defer action until the validity or invalidity of the release could be determined. She "did not veer to the left or right", but stead-

1. The material portion of the reply states: " * * * if any purported release was executed by this plaintiff, which she denies, said release was executed by mutual mistake of fact, was intended solely as payment for property damage, was not intended to and did not, pass any consideration to this plaintiff for any personal injuries sustained by her, was procured by fraud and misrepresentation and is, for all the foregoing reasons, void and invalid and of no legal force and' effect, so that it should be held for naught and is not binding or conclusive upon the rights of this plaintiff; that the signature of plaintiff upon the document now asserted and alleged by the defendant to constitute a release was obtained through fraud, misrepresentation, coercion and duress."

Though this reply was filed without permission, as required by Rule 7(a), F.R.Civ.P., it was considered by the court as an admission against interest and voluntary statement of plaintiff's position. See 2 Moore's Federal Practice § 7.03.

fastly persisted in seeking relief only against Berdell. See First National Bank in Wichita v. Luther, 10 Cir., 217 F.2d 262, 267. This reliance upon the allegations of the original complaint constituted a conscious choice between the two existing remedies and the latter remedy may not be maintained under the law of Kansas.

The judgment of the trial court therefore must be affirmed.