**Gertrude Brooks SCHUYT,**
**Plaintiff–Appellant,**

v.

**ROWE PRICE PRIME RESERVE FUND, INC., T. Rowe Price Associates, Inc., Carter O. Hoffman, Edward A. Taber, III and George J. Collins, Defendants– Appellees.**

**No. 433, Docket 87–7588.**

United States Court of Appeals, Second Circuit.

Argued Dec. 7, 1987.

Decided Dec. 9, 1987.

Daniel W. Krasner, New York City (Wolf Haldenstein Adler Freeman & Herz, Stull, Stull & Brody, New York City, Jeffrey G. Smith, Sindy R. Udell, Robert Stull, of counsel), for plaintiff-appellant.

Daniel A. Pollack, New York City (Pollack & Kaminsky, Martin I. Kaminsky, Henry H. Hopkins, Susan Y. Chin, of counsel), for defendants-appellees.

Before FEINBERG, Chief Judge, OAKES and PRATT, Circuit Judges.

PER CURIAM:

Gertrude Brooks Schuyt appeals from a judgment of the United States District Court for the Southern District of New York, Robert J. Ward, J., after a bench trial, dismissing Schuyt's amended complaint on the merits in an action against

defendants-appellees Rowe Price Prime Reserve Fund, Inc. (the "Fund"), T. Rowe Price Associates, Inc. (the "Advisor") and certain directors of the Fund having affiliations with the Advisor. Schuyt's complaint asserted claims for (1) excessive fees under section 36(b) of the Investment Company Act of 1940 (the "ICA"), 15 U.S.C. § 80a–35(b); (2) breach of fiduciary duty under Maryland law; and (3) violations of section 20(a) of the ICA, 15 U.S.C. § 80a–20, and Rule 20a–1 promulgated thereunder, 17 C.F.R. § 270.20a–1, for alleged material omissions from the Fund's proxy statements. We affirm the judgment of the district court substantially for the reasons stated in Judge Ward's thorough opinion, reported at 663 F.Supp. 962 (S.D.N.Y.1987).

Schuyt also appeals from an order of the district court dated April 1, 1987, granting defendants' motion to strike Schuyt's jury demand. Schuyt argues that she is entitled to a jury trial on both her section 36(b) and section 20(a) claims since both claims seek "legal damages." We disagree. The mere fact that Schuyt has designated the relief she seeks as "damages" does not mean that she is automatically entitled to a jury trial. As Judge Friendly noted in *Securities and Exchange Commission v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90, 95 (2d Cir. 1978):

> [N]ot all money claims are triable to a jury.... And '[w]hen restitution is sought in the form and in the situations allowed in equity prior to the rules or authorized by valid statutes there is no right to a jury trial'

(citations omitted). See also *Maldonado v. Flynn*, 477 F.Supp. 1007, 1011 (S.D.N.Y. 1979) (claims filed under the Securities Exchange Act of 1934 for proxy violations were essentially equitable in nature and thus plaintiff was not entitled to a jury trial). Appellant stresses that in *In re Gartenberg*, 636 F.2d 16, 18 (2d Cir.1980), cert. denied, 451 U.S. 910, 101 S.Ct. 1979, 68 L.Ed.2d 298 (1981), this court left open the general question of whether a plaintiff could assert a "bona fide claim for dam-

ages" under section 36(b) entitling such plaintiff to a jury trial. However, the particular plaintiff in *In re Gartenberg* had sought what was in essence an equitable disgorgement and an accounting, and under those facts the court determined that a jury trial was not available. Schuyt's claim is similar to the claim made in *In re Gartenberg* under section 36(b) and is essentially an equitable one. Schuyt seeks repayment to the Fund of the excessive advisory fees paid; this is essentially an equitable remedy, not a "bona fide claim for damages." Similarly, Schuyt's claim under section 20(a), in essence, seeks rescission of the advisory agreements between the Fund and the Advisor and restitution and is thus equitable in nature.

The judgment of the district court is affirmed.