**KLINE HOTEL PARTNERS, a California limited partnership, Plaintiff,**

v.

**AIRCOA EQUITY INTERESTS, INC., a Colorado corporation, and Clarion One, Ltd., a Colorado limited partnership, and Associated Inns & Restaurants Company of America, a Delaware corporation, Defendants.**

Civ. A. No. 87–B–1903.

United States District Court, D. Colorado.

Jan. 16, 1990.

See also 725 F.Supp. 479.

Mark E. Haynes and David Trombadore, Morrison & Foerster, Denver, Colo., and Peter Brown Dolan, Morrison & Foerster, Los Angeles, Cal., for plaintiff.

Lino S. Lipinsky de Orlov, Daniel S. Hoffman and John R. Webb, Holme Roberts & Owen, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me is defendants' motion to compel plaintiff to elect its remedies on claims arising from a partnership agreement and defendants' motion to limit jury demand on those claims. I grant the motion to compel election and partially grant the motion to limit jury demand.

The present controversy arises out of a dispute concerning the construction and operation of the Clarion Ontario Airport Hotel (Hotel) in Ontario, California. The Kline Center Ontario Hotel Partnership (the Partnership), not a party to this action, owns and operates the hotel. Kline and defendant Clarion One, Ltd. (Clarion I) are the general partners of the Partnership under the Kline Center Ontario Hotel Partnership Agreement (Partnership Agreement). Kline and Clarion I each own 50% of the Partnership. Clarion I is also the managing partner under the Partnership Agreement. Defendant AIRCOA Equity Interests, Inc. (AEI) was Clarion I's predecessor in interest under the Partnership Agreement. Defendant AIRCOA Hospitality Services, Inc. (AHS), f/k/a Associated Inns and Restaurants Company of America, is the managing agent of the Hotel pursuant to a management agreement between AHS and the Partnership.

Defendant moves to compel Kline to elect a remedy with regard to the partnership agreement components of the following claims: (1) breach of the partnership agreement (count 3); (2) willful misconduct and gross negligence (count 5); (3) breach of fiduciary duty (count 6); (4) fraud in the inducement (count 8); (5) fraud (count 9); (6) constructive fraud (count 10); (7) securities fraud (counts 11 & 12); and (8) negligent misrepresentation (count 13). In each of these claims, Kline seek rescission of the partnership agreement as an alternative to damages. Plaintiff's claims based on the

management agreement between the partnership and AHS are not at issue here.

■ The initial inquiry is whether Colorado or federal election of remedy law governs. The weight of Tenth Circuit authority reflects that where jurisdiction is invoked by diversity and where application of state law would substantially alter the outcome of litigation, state election of remedies law governs. *E.g., McKinney v. Gannett Co.,* 817 F.2d 659, 671 (10th Cir.1987) ("In a diversity case, the doctrine of election of remedies is an element of state substantive law which we are bound to apply."); *Sade v. Northern Natural Gas Co.,* 483 F.2d 230 (10th Cir.1973); *Berger v. State Farm Mutual Automobile Ins. Co.,* 291 F.2d 666 (10th Cir.1961).

In *Berger,* 291 F.2d at 667–68, a diversity-negligence case, the Tenth Circuit stated:

> Under federal law an election of remedies is a "rule of procedure or judicial administration" and is sparingly applied. [citations omitted]. Indeed, the Federal Rules of Civil Procedure expressly provide that "a party may * * * state as many separate claims * * * as he has regardless of consistency * * *." Rule 8(e), 28 U.S.C.A. *See Bernstein v. United States,* [256 F.2d 697 (10th Cir.1958), *cert. dismissed,* 358 U.S. 924, 79 S.Ct. 296, 3 L.Ed.2d 298 (1959)].
>
> *   *   *   *   *   *

Applicable law, however, is not determined by the fine distinction between procedural remedies and remedial rights, for under the controlling conflicts rule as announced in *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 [ (1938) ], and vitalized in subsequent cases, the overriding consideration in diversity cases is not whether the matter is "procedural" or "substantive," but rather whether in a suit for the enforcement of state created rights the outcome would be "substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a state court." *Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 [ (1945) ]. [citations omitted].

In a diversity suit, a federal court is but another local forum and the right to recover is measured by the law of the state. If therefore the asserted right of action would not be maintainable in a state court, it is not maintainable here.

Plaintiff cites language from *Bernstein v. United States,* 256 F.2d 697, 706 (10th Cir.1958), *cert. dismissed,* 358 U.S. 924, 79 S.Ct. 296, 3 L.Ed.2d 298 (1959), to the effect that passage of the Federal Rules of Civil Procedure chimed the end of the election of remedy requirement in federal courts. However, this broad reading is inconsistent with later Tenth Circuit authority and has not been followed in such an expansive manner. I agree with the Eighth Circuit that *Bernstein* should be read to apply to suits in which the claims arise from federal law.

> [I]n federal diversity cases, although the doctrine of election of remedies is considered procedural, if choice of remedies affects the outcome of the litigation it has been held that state law controls. *Berger,* 291 F.2d 666 (10th Cir.1961). However, in actions premised upon a federal right, federal law is controlling. *J.I. Case Co. v. Borak,* 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964).

*Myzel v. Fields,* 386 F.2d 718, 740 n. 15 (8th Cir.1967), *cert. denied,* 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143 (1968).

The diversity considerations expressed in *Berger* are applicable here. Because application of the Colorado election of remedies requirement would substantially alter the outcome of the litigation, I must honor the Colorado election-of-remedies law. *McKinney,* 817 F.2d at 671.

Kline acknowledges that under Colorado law it must elect either to affirm or rescind the partnership agreement. *Trimble v. City & County of Denver,* 697 P.2d 716, 723–24 (Colo.1985). However, Kline argues that it needs to choose between the inconsistent claims only after they have been submitted to the jury and a verdict returned, but before judgement.

Research reveals no Colorado cases establishing a rule for the timing of election.

Some cases indicate that it is in my discretion to determine when Kline must select its remedy. *E.g., Gladden v. Guyer,* 426 P.2d 953, 957 (Colo.1967). In *Elk River Assoc. v. Huskin,* 691 P.2d 1148, 1153 (Colo.App.1984), the court held that under Colorado law the trial judge committed error, albeit harmless, by failing to rule on a motion to compel the plaintiffs to elect their remedy before the case was submitted to the jury. This same approach has been taken in other cases as well. *See, e.g., Stewart v. Blanning,* 677 P.2d 1382, 1383 (Colo.App.1984) (trial court required election at close of plaintiff's case); *Lakefield Telephone Co. v. Northern Telecom Inc.,* 679 F.Supp. 881, 883 (E.D.Wis.1988) (under Wisconsin law, trial judge has discretion on timing of compelling election).

■ I conclude that, faced directly with the question of the timing election of remedy, Colorado courts would leave it to the discretion of the trial judge. Trial is scheduled to begin in less than eight weeks. If Kline is permitted to delay election until after the close of its case, the jury would hear claims that ultimately are triable exclusively to the court because of Kline's election. The defense would be prejudiced by the jury hearing evidence irrelevant to any jury question. Further, trial preparation would be unnecessarily complicated, trial procedures awkward, trial would be unduly protracted, and the time and resources of the parties, Court and jurors wasted. The attached appendices A, B & C show the complexity of the relative allocation of jury versus nonjury claims resulting from election to affirm or rescind under my analysis here. Therefore I conclude that Kline must make an immediate election.

The right to a jury trial in federal court is a matter of federal law. *Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 610–11, 9 L.Ed.2d 691 (1963); *Byrd v. Blue Ridge Elec. Coop., Inc.,* 356 U.S. 525, 538, 78 S.Ct. 893, 901, 2 L.Ed.2d 953 (1958). The fundamental consideration for determining whether a claim is jury triable lies in the pre-merger distinction between law and equity. The Supreme Court in *Granfinanciera v. Nordberg,* —— U.S. ——, 109 S.Ct. 2782, 2790 & n. 4, 106 L.Ed.2d 26 (1989), identified two factors to contemplate in determining whether a claim is legal, thus triable by jury, or equitable, thus triable to the court: (1) the pre-merger custom with regard to the claim or analogous claims; and (2) the remedy sought.

■ Defendants are correct that, under Colorado law, if Kline affirms the partnership agreement and goes forward with its claims for damages against its partners, Kline's sole remedy for the partnership claims is an accounting. *Rude v. Sisack,* 44 Colo. 21, 96 P. 976, 977 (1908); *L.H. Heiselt, Inc. v. Brown,* 108 Colo. 562, 120 P.2d 644 (1941). A partnership accounting is equitable and thus no right to a jury trial attaches. *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). The determinative consideration here is that historically an accounting between partners has been exclusively an equity action. *Kirby v. Lake Shore & Mich. So. R.R. Co.,* 120 U.S. 130, 7 S.Ct. 430, 30 L.Ed. 569 (1887); 5 Moore's Fed.Prac. ¶ 38.25 at 38–208 (2d ed. 1984). Thus, those claims that comprise the accounting are tried by the Court without a jury.

■ The real dispute is over what claims are subsumed in the accounting. Defendants contend that an accounting is the appropriate remedy for all of Kline's damage claims, even those claims based on conduct prior to the formation of the partnership. As such, defendants argue, no claims are triable by a jury. Thus, the question is whether claims arising from defendant partners' conduct before executing the partnership agreement are be included in the accounting. I hold that pre-partnership conduct claims at law are triable to a jury. Although the scope of the accounting is broad, *see* J. Crane & A Bromberg, Law of Partnerships § 72 at 410–11 (1968), Colorado cases indicate that one may sue a co-partner for misconduct outside the partnership. *See, e.g., Mumm v. Adam,* 134 Colo. 493, 307 P.2d 797 (1957) (post-partnership claims not limited to accounting); *Morris v. Redak,* 124 Colo. 27, 234 P.2d 908 (1951) (same); *Rude,* 96 P. at 977 (accounting not required for action

based on nonpartnership transactions). By definition, actions taken by defendant partners before executing the partnership agreement are outside the partnership.

Furthermore, there is no reason to conclude that plaintiff lost its right to have a jury decide claims that are based on nonpartnership conduct when it entered the partnership agreement. Accordingly, Kline's claims for (1) fraud in the inducement (count 8), securities fraud (counts 11 & 12) and (3) negligent misrepresentation (count 13) need not be determined exclusively in the accounting.

Should Kline elect affirmance of the partnership agreement, it will have a combination of claims: equitable, the claims in the accounting, and legal, the pre-partnership claims. Under *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970), it is of no consequence, with regard to jury availability for the pre-partnership claims, that the case involves other claims and similar factual issues encompassed in the equitable accounting. The only repercussion is the modified procedure by which the claims and issues must be heard and determined. The substantive Seventh Amendment right remains unaltered. *Beacon Theatres v. Westover*, 359 U.S. 500, 509–11, 79 S.Ct. 948, 955–57, 3 L.Ed.2d 988 (1959); 9 Wright & Miller, Fed.Prac. & Proc. § 2306 at 35 (1971).

Under *Dairy Queen v. Wood*, 369 U.S. 469, 479, 82 S.Ct. 894, 900–01, 8 L.Ed.2d 44 (1962), "the legal claims involved in the action must be determined [by a jury] prior to any court determination of [the] equitable claims." *See* James & Hazard, Civil Procedure § 8.7 (1985). Should Kline elect to affirm the partnership agreement, the legal pre-partnership claims will be tried by a jury, after which I will conduct an equitable accounting without a jury. Fed.R. Civ.Proc. 42; *see Dellefield v. Blockdel Realty Co.*, 1 F.R.D. 689 (S.D.N.Y.1941) (similar procedures).

■ Defendants contend that the securities claims are equitable and should be tried to the court in any event. I disagree. Although some courts have deemed securities claims equitable because the claims in essence seek rescission despite a transparent prayer for money damages, this is not such a case. *See, e.g., Schuyt v. Rowe Price Prime Reserve Fund, Inc.*, 835 F.2d 45, 46 (2d Cir.1987). By electing affirmation of the partnership agreement and submitting to the accompanying accounting, Kline necessarily abandons the equitable remedy of rescission. Nor are the securities fraud claims merely another form of an accounting. If Kline affirms the partnership agreement, the claims for fraud in the inducement, securities fraud and negligent misrepresentation are jury triable.

The remaining issue is whether some or all of the claims may be heard by a jury if Kline elects to rescind the partnership agreement. The federal rule has historically been that rescission is equitable in nature and no right to a jury attaches to such actions. *Pioneer Prop., Inc. v. Martin*, 776 F.2d 888, 892 (10th Cir.1985); *Rachbach v. Cogswell*, 547 F.2d 502, 505 (10th Cir.1976); *Royal Am. Managers, Inc. v. I.R.C. Holding Corp.*, 885 F.2d 1011, 1019 n. 4 (2d Cir.1989); *Arber v. Essex Wire Corp.*, 490 F.2d 414, 421 (6th Cir.), *cert. denied*, 419 U.S. 830, 95 S.Ct. 53, 42 L.Ed.2d 56 (1974); *Dollar Sys., Inc. v. Avcar Leasing Sys. Inc.*, 890 F.2d 165 (9th Cir.1989).

■ Nevertheless, Kline asks me to divine a Seventh Amendment right to a jury on rescission claims. Although the type of remedy sought is a factor in determining whether an action is at law or equity, *Granfinanciera v. Nordberg*, —— U.S. ——, 109 S.Ct. 2782, 2790 & n. 4, 106 L.Ed.2d 26 (1989), another factor is the historical treatment of the claim. *See Securities and Exchange Comm. v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 95 (2d Cir.1978) (Friendly, J.). The federal cases clearly establish that rescission is equitable. I must carefully scrutinize any possible intrusion on the right to a jury trial. However, extension of the Seventh Amendment to rescission claims is unwarranted historically and precedentially.

■ Upon election of rescission, claims in which Kline seeks rescission in the alter-

native are triable to the court. These claims include fraud in the inducement, securities fraud and negligent misrepresentation. At first this result may appear paradoxical: if plaintiff elects to affirm the partnership agreement, these claims are outside the accounting and are jury triable; however, if plaintiff elects rescission, equity cloaks the claims and they are triable to the court. The logic of this result lies in the difference between an accounting and rescission. The accounting is intended to join in a single proceeding all claims arising from partnership activity. Rescission is intended to revive the pre-partnership status quo. The scope of rescission necessarily encompasses relevant pre-partnership agreement activity. By seeking and electing rescission with regard to the claims, plaintiff invokes the power of equity.

It is therefore ORDERED that defendants' motion to require election of remedy is GRANTED. Plaintiff is directed to file in writing its election on or before the twenty-sixth day of January, 1990.

It is further ORDERED that plaintiff's claims are jury triable, depending on the election made, as reflected in Appendix A, B, and C attached and incorporated herewith.

## APPENDIX A
### Effect on Claims:
### Election of Partnership Agreement Rescission

Count 1  Access to Books & Records
Defendants:  Clarion & AEI
Precluded by Election:  Yes, Remedied in Rescission

Count 2a  Accounting: Partnership Agreement
Defendants:  Clarion & AEI
Precluded by Election:  Yes, Remedied in Rescission

Count 2b  Accounting: Management Agreement
Not at Issue

Count 3  Breach: Partnership Agreement
Defendants:  Clarion & AEI
Precluded by Election:  Yes, Remedied in Rescission

Count 4  Breach: Management Agreement
Not at Issue

Count 5  Willful Misconduct & Gross Negligence
Defendants:  Clarion & AEI
Precluded by Election:  Yes, Remedied in Rescission

Count 6  Breach of Fiduciary Duty
Defendants:  Clarion & AEI
Precluded by Election:  Yes, Remedied in Rescission

Count 7  Breach of Fiduciary Duty
Not at Issue

Count 8  Fraud in the Inducement: Partnership Agreement
Defendants:  AEI & AHS
Precluded by Election:  Yes, Remedied in Rescission

Count 9a  Fraud: Partnership Agreement
Defendants:  Clarion, AEI & AHS
Precluded by Election:  Yes, Remedied in Rescission

Count 9b  Fraud: Management Agreement
Not at Issue

Count 10  Constructive Fraud: Partnership Agreement
Defendants:  Clarion, AEI & AHS
Precluded by Election:  Yes, Remedied in Rescission

Count 11  Securities Fraud: 1933 Act § 12(2) & Colo.Rev.Stat. § 11–51–125(3)
Defendants  AEI & AHS
Precluded by Election:  Yes, Remedied in Rescission

Count 12  Securities Fraud: 1934 Act § 10(b) & Colo.Rev.Stat § 11–51–123(1)
Defendants:  AEI & AHS
Precluded by Election:  Yes, Remedied in Rescission

Count 13           Negligent Misrepresentation
     Defendants:                Clarion & AEI
     Precluded by Election:      Yes, Remedied in Rescission

## APPENDIX B

Effect on Claims:
Election of Partnership Agreement Affirmation

Count 1           Access to Books & Records
     Defendants:                Clarion & AEI
     Precluded by Election:      No
     Factfinder:                Court in Accounting

Count 2a         Accounting: Partnership Agreement
     Defendants:                Clarion & AEI
     Precluded by Election:      No
     Factfinder:                Court in Accounting

Count 2b         Accounting: Management Agreement
     Not at Issue

Count 3           Breach: Partnership Agreement
     Defendants:                Clarion & AEI
     Precluded by Election:      No
     Factfinder:                Court in Accounting

Count 4           Breach: Management Agreement
     Not at Issue

Count 5           Willful Misconduct & Gross Negligence
     Defendants:                Clarion & AEI
     Precluded by Election:      No
     Factfinder:                Court in Accounting

Count 6           Breach of Fiduciary Duty
     Defendants:                Clarion & AEI
     Precluded by Election:      No
     Factfinder:                Court in Accounting

Count 7           Breach of Fiduciary Duty
     Not at Issue

Count 8           Fraud in the Inducement: Partnership Agreement
     Defendants:                AEI & AHS
     Precluded by Election:      No
     Factfinder:                Jury

Count 9a         Fraud: Partnership Agreement
     Defendants                Clarion, AEI & AHS
     Precluded by Election:      No

Count 9b         Fraud: Management Agreement
     Not at Issue

Count 10         Constructive Fraud: Partnership Agreement
     Defendants:                Clarion, AEI & AHS
     Precluded by Election:      No
     Factfinder:                Court in Accounting

Count 11        Securities Fraud: 1933 Act § 12(2) & Colo.Rev.Stat. § 11–51–125(3)
     Defendants                AEI & AHS
     Precluded by Election:      No
     Factfinder:                Jury

Count 12        Securities Fraud: 1934 Act § 10(b) & Colo.Rev.Stat § 11–51–123(1)
     Defendants:                AEI & AHS
     Precluded by Election:      No
     Facffinder:                Jury

Count 13        Negligent Misrepresentation
     Defendants:                Clarion & AEI
     Precluded by Election:      No
     Factfinder:                Jury

## APPENDIX C
### Summary Table
### Repercussions of Election on Partnership Claims

| | Description | Affirm | Rescind |
|---|---|---|---|
| | | Factfinder | |
| Count 1: | Access to Books & Records | Court | Precluded |
| Count 2a: | Accounting–Partnership Agreement | Court | Precluded |
| Count 2b: | Accounting–Management Agreement | Not at Issue/Non–Partnership | |
| Count 3: | Breach–Partnership Agreement | Court | Precluded |
| Count 4: | Breach–Management Agreement | Not at Issue/Non–Partnership | |
| Count 5: | Willful Misconduct & Gross Negligence | Court | Precluded |
| Count 6: | Breach of Fiduciary Duty | Court | Precluded |
| Count 7: | Breach of Fiduciary Duty | Not at Issue/Non–Partnership | |
| Count 8: | Fraud in Inducement–Partnership Agreement | Jury | Precluded |
| Count 9a: | Fraud–Partnership Agreement | Court | Precluded |
| Count 9b: | Fraud–Management Agreement | Not at Issue/Non–Partnership | |
| Count 10: | Constructive Fraud–Partnership Agreement | Court | Precluded |
| Count 11: | Securities Fraud | Jury | Precluded |
| Count 12: | Securities Fraud | Jury | Precluded |
| Count 13 | Negligent Misrepresentation | Jury | Precluded |