LEVI CARR *et al.* Appellants, *vs.* HENRY L. ARNOLD, County Treasurer, *et al.* Appellees.

*Opinion filed February 19, 1909—Rehearing denied April 9, 1909.*

INJUNCTION—*when bill to enjoin collection of drainage assessment cannot be maintained.* A bill to enjoin the collection of a drainage assessment pending the determination of a *quo warranto* proceeding to determine the legality of the organization of the district cannot be maintained, even though the bill shows, and the demurrer admits, that the assessment is illegal, where the complainants have an adequate remedy at law so far as the legality of such assessment is concerned, and there are no allegations in the bill that the persons acting as commissioners threaten or intend to make other assessments.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

L. W. BREWER, and LESTER H. STRAWN, for appellants.

JAMES J. CONWAY, and BUTTERS, ARMSTRONG & FERGUSON, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Levi Carr and eighteen other land owners and tax-payers in drainage district No. 1 of the town of Ophir filed a bill in equity to enjoin the county collector of LaSalle county from collecting certain drainage taxes which had before that

time been levied by the drainage commissioners of said district. The bill alleges as grounds for equitable relief (1) that the petition was not signed by a majority, in number, of the adult owners of land lying in the proposed district owning, in the aggregate, more than one-third of the lands in the proposed district, nor by the owners of the major part of the land who constituted one-third or more of the owners of the land in said proposed district; (2) that the meeting to organize the district was held outside of the territory of the proposed district; (3) that the law under which the drainage commissioners claim to have been elected was repealed before their election; (4) that there was no assessment roll; (5) that there was no legal meeting or proper record of the meeting to organize the district. The bill avers that the county collector made application for a judgment for the unpaid assessments the collection of which is here sought to be enjoined; that the objection that the district was not legally organized was stricken by the county court and the other objections overruled. The bill alleges that in August, 1905, the State's attorney of La-Salle county filed an information in the nature of *quo warranto* against the parties acting as and assuming to exercise the powers and authority of drainage commissioners, charging them with usurping the offices and franchises of drainage commissioners without warrant or right, and that by reason of delays for which complainants were not responsible no hearing on said information has been had. The prayer of the bill is that the collector may be enjoined from proceeding to collect the taxes in question by a sale of complainants' lands until the hearing of the *quo warranto* proceeding which it is averred is pending to test the legality of the organization of the drainage district. It appears from the bill that it was filed three days after the county court had overruled the objections and rendered judgment for the assessment. A temporary injunction was awarded upon the filing of the bill. A motion by defendants to the bill to

dissolve the injunction was overruled, and the complainants afterwards, by leave of court and without prejudice to the injunction before issued, amended their bill. The amendment set out with more particularity than had been done in the original bill the reasons for the claim that the persons claiming to be commissioners of the district were not so elected at any legal election held for that purpose, and further alleged that James P. Garland, claiming to have been elected at an election held March 10, 1906, for a term of three years, to succeed himself, wrongfully assumed to be treasurer of said drainage district, and as such had collected and paid out moneys upon various obligations created by himself and John E. Crowley, pretending to act as drainage commissioners. The amendment to the bill further alleged that if the county treasurer collected the tax sought to be collected from complainants he would pay it over to Garland, the pretended treasurer of the district, and that Garland would at once pay it out to parties on obligations he and Crowley had made and that the money would be wholly lost to complainants; that Crowley and Garland are not financially responsible and neither of them has property from which the money could be recovered back, and that if re-payment of it could be enforced at law it would require a multiplicity of suits. Subsequently defendants again moved to dissolve the injunction, which motion was allowed, and upon suggestion of damages by them they were allowed $125 attorney's fees. Afterwards they demurred to the bill and assigned as grounds of demurrer that the allegations of the bill did not state a case entitling complainants to equitable relief and that it appeared from the bill that they had an adequate remedy at law. The court sustained the demurrer and dismissed the bill for want of equity, and complainants have appealed to this court.

The demurrer admits the allegations of the bill to be true, and if this were a suit to enjoin the collection of a tax on the ground of its being illegal and that question had

not been litigated by the parties before in a court of law the bill would be good. There can be no doubt of the jurisdiction of a court of equity to enjoin the collection of a tax levied without authority of law. (*Drainage Comrs.* v. *Kinney,* 233 Ill. 67.) It appears from the allegations of the bill that complainants filed objections to the application for judgment for the tax and order of sale of the lands in the county court, and that court disposed of said objections by striking some of them from the files and overruling others. In some cases parties have an election of remedies. They may pursue their remedy at law or may elect to resort to a court of equity. In such cases, after having elected and pursued their remedy at law they cannot afterwards resort to their remedy in a court of equity to re-litigate the same question. (*Illinois Central Railroad Co.* v. *Hodges,* 113 Ill. 323; *Abrams* v. *Camp,* 3 Scam. 290.) It is true the county court had no jurisdiction to entertain and determine the objections filed in that court by appellants which sought to raise the question of the legality of the organization of the district. It did have jurisdiction to entertain certain objections filed that raised the question of the legality of the tax on other grounds. The county court overruled those objections and the objectors sued out a writ of error from this court to the county court to review that judgment, and this court held the tax to be illegal and that the county court erred in overruling said objections. The judgment of the county court was therefore reversed. (*People* v. *Carr,* 231 Ill. 502.) It thus appears that, so far as the legality of the tax was concerned, complainants had a complete and adequate remedy at law and by the judgment of this court they have been relieved of any liability to pay said tax. The bill in this case does not seek to re-litigate in this action the validity of the tax nor to have the court in this proceeding determine the legality of the organization of the district,—a question the county court had no jurisdiction to determine upon the objections filed therein. The

prayer of the bill is that the county collector be enjoined from selling complainants' lands for the drainage tax assessed against them, and for which the county court had rendered judgment, until the legality of the district could be determined in the *quo warranto* proceeding theretofore commenced for that purpose. On principles analogous to those sustaining the jurisdiction of a court of equity to stay proceedings at law where the defendant to an action at law has some equitable defense which a court of law cannot take cognizance of, either by reason of want of jurisdiction or from the infirmity of legal process, and the other well known head of equity jurisdiction to interpose to prevent a multiplicity of suits, we think a bill might have been framed which would have justified enjoining the parties acting as commissioners of the alleged drainage district from making any further assessments against complainants' lands until the legality of the district could have been disposed of in the *quo warranto* proceeding. This bill, however, we think does not meet the requirements necessary to constitute a good bill for that purpose. There is no allegation in the bill of any purpose or intention on the part of those acting as commissioners of the drainage district to levy any other assessment or to incur any expense or liability for which appellants might in any way be made responsible. The bill does not ask that the acting commissioners be enjoined from making any other or further assessment against complainants' lands. In the absence of any allegations that the acting commissioners threatened or intended, and complainants fear they will make, further assessments unless restrained from so doing, the bill cannot be sustained on that theory.

Complainants having an adequate remedy at law so far as the legality of the tax objected to was concerned, we are of opinion the circuit court properly dissolved the injunction and dismissed the bill, and its decree is affirmed.

*Decree affirmed.*