5–M LTD., Plaintiff-Respondent, v. DEDE, Defendant-Appellant and Third-Party Plaintiff: STEINMAN, and others, Third-Party Defendants Respondents. [Case No. 77–396.]

5–M LTD., Plaintiff-Respondent, v. DEDE, Defendant-Appellant and Third-Party Plaintiff: STEINMAN, Defendant-Respondent and Third-Party Plaintiff: PERSSION, and another, Third-Party Defendants Respondents. [Case No. 77–397.]

Court of Appeals

*Nos. 77–396, 77–397. Submitted on briefs October 10, 1978.—Decided October 27, 1978.*
(Also reported in 272 N.W.2d 110.)

For the defendant-appellant, the cause was submitted on the briefs of *Lichtsinn, Dede & Haensel, S.C.*, with *Eldred Dede* of counsel, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Fiorenza, Weiss, Amato & Persa, S.C.*, with *John A. Fiorenza* and *Paul M. Lohmann*, of counsel, of Milwaukee.

Before Decker, C.J., Cannon, J., and Robert W. Hansen, Reserve Judge.

HANSEN, J.   The facts in this case are not complex, 5–M, Ltd. entered into an offer to purchase agreement with Concordia Fund, Inc. for the purchase of a certain hotel in Milwaukee. 5–M made a $10,000 downpayment to be held in trust by Dede. Prior to the original closing date Dede delivered the $10,000 downpayment to Concordia Fund as requested by Steinman, Concordia's president. This transfer was made without the knowledge or approval of 5–M and was used to pay Concordia's employees' wages due that day. The offer to purchase transaction was never consummated. 5–M commenced an action against Concordia and Schroeder, Concordia's assignee of property and assets for the benefit of creditors. In this action 5–M sought return of the $10,000 downpayment because of Concordia's breach of the offer to purchase agreement. Judgment was entered against Concordia and Schroeder for $10,000 with costs. That judgment has to date been uncollectible.

5–M had also commenced an action against Dede for breach of fiduciary duty and an action against Dede and Steinman based on civil conspiracy which caused injury to 5–M. These suits were consolidated for trial. Dede's

motions to dismiss the complaints were denied and it is from that order that Dede appeals.

Simply stated, the issue presented is whether the doctrine of election of remedies is applicable. This equitable doctrine embodies the principle that a plaintiff may not pursue one remedy on the basis of one legal theory and subsequently pursue a different remedy for the same wrong on the basis of an inconsistent legal theory. The issue becomes whether the legal theory relied upon by the plaintiff is inconsistent with the legal theory presented by the same plaintiff in a prior action arising from the same facts.

The Wisconsin Supreme Court has indicated that it does not favor a broad application or applicability of the doctrine of election of remedies. *Bank of Commerce v. Paine, Webber, Jackson & Curtis,* 39 Wis.2d 30, 40, 158 N.W.2d 350 (1968). In that case the court explained the concept of inconsistency required before the doctrine of election of remedies becomes applicable.

For one proceeding to be a bar to another for inconsistency, the remedies must proceed from opposite and irreconcilable claims of right and must be so inconsistent that a party could not logically assume to follow one without renouncing the other. *Two modes of redress are inconsistent if the assertion of one involves the negation or repudiation of the other.* In this sense, inconsistency may arise either because one remedy must allege as fact what the other denies, or because the theory of one must necessarily be repugnant to the other. [Emphasis supplied.]

The next step then is to determine whether there exists a true inconsistency, for without such inconsistency the doctrine is completely inapplicable.

What remedies are available to a beneficiary when a trustee in breach of trust transfers the trust corpus to someone other than a bona fide purchaser? This ques-

tion has been dealt with in detail in 4 Scott on Trusts §§295 and 295.1 (3d ed. 1967). We quote at length and with approval from that discussion.

> If a trustee in breach of trust transfers trust property to a person who is not a bona fide purchaser, the beneficiaries can maintain a suit against the trustee and transferee jointly. . . . The beneficiaries can, if they choose, maintain a suit against the trustee alone without joining the transferee as a co-defendant. [Footnotes omitted.] pp. 2400–02.

As to the effect in this action of the earlier uncollectible judgment obtained by the beneficiary against the transferee, we again quote from Scott's discussion with approval:

> If a trustee in breach of trust transfers property to a person who is not a bona fide purchaser, and the beneficiaries sue the transferee alone and obtain a judgment against him, but do not obtain satisfaction of the judgment, they are not thereby precluded from maintaining a suit against the trustee for breach of trust. Conversely, if the beneficiaries have obtained judgment against the trustee but have failed to obtain satisfaction of the judgment, they can maintain a suit against the transferee to recover the trust property or its value. . . . [B]y the transfer in breach of trust a wrong was committed to the beneficiaries in which the trustee and the transferee participated, and . . . the benficiaries by obtaining judgment against one of the wrongdoers are not precluded from maintaining a suit against the other. . . . The remedies against the trustee and the transferee are not inconsistent with each other, and the pursuing of the remedy against one is in no sense an election to waive the remedy against the other. [Footnotes omitted.] Scott, *supra* at 2402–03.

Further support for this is also found in 4 Bogert, Trusts and Trustees, §§945 and 946 (2d ed. 1962).

In *Campbell v. Webb*, 363 Mo. 1192, 258 S.W.2d 595, 604 (1953), the beneficiaries obtained a judgment against

the trustee but failed to obtain satisfaction of that judgment. The Missouri Supreme Court held that

> [a] beneficiary has, under certain circumstances, concurrent remedies available to him on account of the same breach of trust. If he pursues these remedies simultaneously or in a certain order, he has not pursued inconsistent remedies or made an election so long as double compensation is not threatened, or another has not actually been misled by his conduct, or the facts necessary as a basis for the second remedy are not res judicata by reason of an adjudication of fact issues in pursuance of another remedy. See also *Bank of Commerce, supra* at 41.

Reliance by the Missouri court was placed upon Restatement of *Trusts* §295 (1935). Section 295 stated the law on choice of remedies against trustee and transferee. That section (now in the Restatement (Second) of *Trusts* (1957) with the identical language) provides:

> If the trustee in breach of trust transfers trust property to a person who is not a bona fide purchaser, the beneficiary can have remedies for the breach of trust against the trustee and against the transferee, but he is entitled to only a single satisfaction of his claim.

The only readily apparent restriction placed on the beneficiary in breach of trust situations is that the beneficiary, perhaps all too obviously, is only entitled to a single recovery.

Because the beneficiary's actions are here not inconsistent, the doctrine of election of remedies is not here applicable. On remand should the beneficiary succeed in obtaining a judgment against the trustee, the trial court can avoid any problems of double recovery by a careful wording of the judgment.

*By the Court.*—Order affirmed.