**LAKEFIELD TELEPHONE COMPANY, Plaintiff,**

v.

**NORTHERN TELECOM INC., Defendant.**

No. 86–C–619.

United States District Court, E.D. Wisconsin.

Feb. 2, 1988.

John W. Markson, Bell, Metzner & Gierhart, Madison, Wis., for plaintiff.

Terry E. Nilles, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for defendant.

### DECISION AND ORDER

WARREN, Chief Judge.

Presently pending before the Court in the above named case is the election of remedies issue raised by the Court at the final pretrial conference. Both parties have submitted written briefs on the issue, which have been reviewed by the Court. The complaint in this case was filed May 2, 1986, in the Circuit Court for Manitowoc, Wisconsin. The case was removed by Northern Telecom to this Court on June 12, 1986, pursuant to 28 U.S.C. § 1446. The complaint of Lakefield alleged that Northern Telecom unlawfully terminated Lakefield's dealership in violation of the Wisconsin Fair Dealership Law, Wis.Stat. § 135.01, *et seq.* Lakefield Telephone sought both injunctive and monetary relief. On July 28, 1986, Lakefield's request for a temporary restraining order was denied. On February 18, 1987, however, Lakefield's motion for a preliminary injunction was granted. Thus, at trial, if the jury finds liability under the Wisconsin Fair Dealership Law, one issue that will need to be resolved is the amount of damages between the date of termination and the date of the preliminary injunction.

The issue giving rise to the election of remedies issue also involves damages. Lakefield seeks a permanent injunction and monetary damages. Both parties recognize the inherent inconsistency in these two remedies. By its definition, an injunction requires a finding that damages cannot be measured and are therefore irreparable. *See O.M. Droney Beverage Co. v. Miller Brewing Co.*, 365 F.Supp. 1067, 1068–69

(D.Minn.1973). Because of this conflict, Northern Telecom seeks to have Lakefield elect its remedy prior to trial. In response, Lakefield suggests a bifurcated trial: the first part dealing with liability, past damages and the injunction; and the second, if necessary, dealing with future damages. Northern Telecom cites to Wisconsin case law for support for its position; Lakefield cites to federal case law in support of its position. Both parties cite to the Seventh Circuit case of *Roberts v. Sears, Roebuck & Co.* for further support of their positions.

Reliance on the same lawsuit by both parties is not surprising in light of the language in two of the multiple decisions issued on that case. One *Roberts* decision, 573 F.2d 976, 984 (1978), holds in part that federal courts are not bound by state law on the election of remedies doctrine.[1] A second decision, an appeal from the remand ordered in the first decision, states in part: "In the earlier opinion, we accepted Illinois law as to election of remedies for past damages or profits, as had the district court immediately after the jury verdict. We parted with Illinois law only to give the plaintiff an opportunity to protect himself against future damages." 617 F.2d 460, 464 (1980).[2] From these two decisions it appears the Court of Appeals has given no clear indication on whether state or federal law should control the election of remedies issue.

If this Court were to turn to Wisconsin law, it would apply the case of *Wills v. Regan,* 58 Wis.2d 328, 345, 206 N.W.2d 398 (1973), which held that a court, in its discretion, may order an election of remedies where a plaintiff's two theories of relief are premised on the same identical acts of a defendant. The Court also would apply *5–M Ltd. v. Dede,* 86 Wis.2d 287, 289, 272 N.W.2d 110 (1978), which holds that the election of remedies doctrine arises when remedies proceed from opposite and irreconcilable claims of right.

If the Court were to turn to federal law, the strongest support against a pre-trial election of remedies comes from the Eighth Circuit cases of *Grogan v. Garner,* 806 F.2d 829 (8th Cir.1986), and *In Re King Enterprises,* 678 F.2d 73 (8th Cir.1982). Those two cases point to Rule 8 of the Federal Rules of Civil Procedure as support for the position that a party may present different theories of recovery to a jury.[3]

Other federal courts, though, have applied state law to an election of remedies issue. *See, for example, Prudential Oil Corporation v. Phillips Petroleum,* 418 F.Supp. 254, 257 (1975) (applying New York law to election of remedies issue; cited by court in *Roberts I,* 573 F.2d at 985).

The above analysis demonstrates the importance of the choice of law in resolving the election of remedies issue. On that issue the Court returns to the two *Roberts* decisions cited above. After concluding in *Roberts I* that federal courts are not bound by the Illinois election of remedies doctrine, the court stated:

> The choice of law issue in diversity cases, where no Federal Rule of Civil Procedure clearly controls, is governed by the Rules of Decision Act, 28 U.S.C. § 1652. *See generally* Redish & Phillips, *Erie and the Rules of Decision Act: In Search of the Appropriate Dilemma,* 91 Harv.L.Rev. 356, 357–58 (1977); Ely, *The Irrepressible Myth of Erie,* 87 Harv.L. Rev. 693, 697–700 (1974). In interpreting that Act, at least one circuit has recognized that where a state procedural rule is derived from a judicial system that is fundamentally inconsistent with the federal judicial system, then the state rule need not be slavishly adhered to by a federal district court. *Atkins v. Schmutz Mfg. Co.,* 435 F.2d 527 (4th Cir.1970), *cert. denied,* 402 U.S. 932, 91 S.Ct. 1526, 28 L.Ed.2d 867 (1971). *See also* Redish & Phillips, *supra* at 391 n. 189.

---

1. Hereinafter referred to as *Roberts I.*

2. Hereinafter referred to as *Roberts II.*

3. Rule 8(e) allows a party to plead relief in the alternative.

Under the Illinois cases cited by Sears, a plaintiff had to elect his remedies at the time of filing suit because Illinois had retained separate courts of equity and courts of law. *See, e.g., Carr v. Arnold,* 239 Ill. 37, 87 N.E. 870 (1909). In federal courts, however, the distinction between law and equity has long been abolished. Fed.R.Civ.P. 2. It would be anomalous to follow a state rule created under a judicial system so at odds with that of the federal system. In fact, it might be argued that such a holding would violate Rule 2, in which case state law, of course, would be disregarded. *See Hanna v. Plumer,* 380 U.S. 460, 469–74, 85 S.Ct. 1136 [1142–46], 14 L.Ed.2d 8 (1965). We, therefore, feel no compunction in declining to follow Illinois law on this issue.

Having determined that the district court is not bound by the rigid requirements of Illinois law on election of remedies, there remains the question whether plaintiff can still pursue his equitable remedies under the facts of this case. We conclude that this district court correctly decided not to disturb the jury's monetary award, but that the court erred in not considering whether rescission of the contract and return of plaintiff's patent were appropriate.

The general rule as to when an election is necessary is that " 'a certain state of facts relied on as the basis of a certain remedy is inconsistent with, and repugnant to, another certain state of facts relied on as the basis of another remedy.' " *Prudential Oil Corp. v. Phillips Petroleum Co.,* 418 F.Supp. 254, 257 (S.D.N.Y.1975).

573 F.2d at 984–985 (footnotes omitted).[4]

This language leads this Court to the conclusion that the Court of Appeals would have applied Illinois law had it not been so much at odds with the federal system and the "general rule." This conclusion is consistent with the language of *Roberts II,* wherein the court states it accepted Illinois

law on the election of remedies issue for past damages and profits, but "parted with Illinois law" on future damages since the law required an election at the time of the filing of the suit. 617 F.2d at 464. The court also stated that it "appeared clear under general law and under Illinois law as well" that a person suing for fraud may seek damages for tort or may waive the tort and make an election to seek restitution in quasi contract or equitable restitution." *Id.*

■ Furthermore, this Court concludes that it should be guided by Wisconsin law on the election of remedies. Unlike Illinois law, Wisconsin law gives the trial court the discretion to order an election. *Wills v. Regan,* 58 Wis.2d at 328, 206 N.W.2d 398. That election may be ordered prior to the start of trial or after the close of the plaintiff's case. *Id.* Also, the Wisconsin Supreme Court has indicated that it does not favor a broad application of the doctrine. *5–M Ltd. v. Dede,* 86 Wis.2d 287, 289, 272 N.W.2d 110 (App.1978) (citing *Bank of Commerce v. Paine, Webber, Jackson & Curtis,* 39 Wis.2d 30, 40, 158 N.W.2d 350 (1968)). Finally, were Rule 8(e) to control the election of remedies at trial, this Court is persuaded that the Seventh Circuit Court of Appeals would have raised that point in *Roberts I* as it did with its discussion on Rule 2.

■ Applying Wisconsin law to the case at hand, the Court holds that plaintiff must make an election prior to the start of trial. In order to seek injunctive relief, a plaintiff needs to show that the remedy at law—in the form of an award of damages—would be inadequate. In order to oppose this relief, a defendant logically would argue that the remedy at law—the money damages—would be adequate. But if a plaintiff were allowed to seek future damages at the same time, a defendant would have to present self-defeating defenses: The more the defendant demonstrates an ade-

---

4. 28 U.S.C. § 1652 provides:

   The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require

   or provide, shall be regarded as rules of decision in civil actions in the Courts of the United States, in cases where they apply.

quate remedy at law, the more he undermines the fight against future damages; the more the defendant fights the award of future damages, the more he undermines the fight against a permanent injunction. Fundamental fairness as well as logic dictates that a defendant should not have to present his case in this manner.

In summary, the *Roberts I* decision leads the Court to follow Wisconsin law when considering an election of remedy issue. Wisconsin law gives a trial court the discretion to order an election of inconsistent remedies prior to the start of trial. In the case at hand, where Lakefield seeks the inherently inconsistent remedies of injunctive relief and monetary damages, the Court will exercise its discretion and order an election prior to the start of trial.