**Terry J. BAKER, Plaintiff,**

v.

**AMOCO OIL COMPANY, Defendant.**

### No. 90–C–0235.

United States District Court,
E.D. Wisconsin.

Oct. 11, 1990.

John F. Maloney, McNally, Maloney & Peterson, S.C., Milwaukee, Wis., for plaintiff.

Thomas N. Harrington, Cook & Franke, S.C., Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, Chief Judge.

The parties' submissions regarding the plaintiff's demand for a jury trial are before the Court.

### I. PROCEDURAL BACKGROUND

The plaintiff filed the above-captioned action on March 8, 1990, alleging that the defendant violated 15 U.S.C. § 2805 by not renewing and terminating his franchise. The defendant filed its Answer and Counterclaim on April 3, 1990. The plaintiff moved for a preliminary injunction on April 12, 1990. The Court set a hearing on that motion for May 3, 1990, but removed the hearing from its calendar at the defendant's request. The plaintiff filed his Re-

ply to the defendant's Counterclaim on April 20, 1990. At a May 16, 1990 status conference, it was agreed *inter alia* that: (1) the defendant will not remove the plaintiff from operation of his four gas stations; (2) each party was to present its position regarding a right to jury trial by letter or brief by July 2, 1990; and (3) the plaintiff was to provide the defendant with the names and addresses of all witnesses by July 31, 1990, with the defendant reciprocating by August 31, 1990. By a Stipulation and *Order* of July 13, 1990, the Court dismissed the defendant's Counterclaim with prejudice and without costs.

## II. FACTUAL BACKGROUND

The plaintiff is the franchisee of four Amoco gasoline stations in the Milwaukee area. The franchises are based on one master lease, two multi-lease riders/addendums, and a lease/lease-back agreement. The plaintiff and the defendant agreed to three-year leases, ending on November 30, 1989. On January 17, 1990, the defendant mailed to the plaintiff notices of nonrenewal and termination for his four franchise stations. The stated grounds for the nonrenewal and termination include: alleged incorrect readings on Meter Marketing Plan reports to defraud and cheat Amoco of the full amount due for gasoline; alleged failure to properly report gasoline sales; alleged commission of fraudulent or criminal misconduct relevant to the operation of the marketing premises; failure to pay Amoco in a timely manner; and failure to comply with the terms of the franchise agreement. The defendant has advanced that the events surrounding the notices give it cause under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801 *et seq.*, to terminate the franchise relationship.[1] Under that law, the defendant is required to give the plaintiff 90 days notice of the proposed termination.

1. In 1978, after five years of debate, Congress passed the PMPA, Title I of which federalizes the law of oil franchise regulation and prohibits an oil franchisor from terminating or failing to renew a dealer-franchisee except for narrowly defined "good cause." For an overview of the PMPA, *see* Comment, *Retail Gasoline Franchise*

The plaintiff received the notices postmarked January 19, 1990.

## III. DISCUSSION

The plaintiff has filed this action pursuant to the civil enforcement section of the PMPA, 15 U.S.C. § 2805(a) (*see* Complaint ¶ 3, p. 13), alleging that the defendant has failed to comply with 15 U.S.C. § 2802, the franchise relationship provision. The plaintiff has delineated eight causes of action: the first four concern the plaintiff's four franchises, and seek enforcement of the nontermination and maintenance of renewal provisions of the PMPA; the fifth alleges retaliation for his prior assertion of his rights protected by federal law; the sixth seeks punitive damages; the seventh is under the Wisconsin Fair Dealership Law ("WFDL") for violation of Wis.Stat. § 135.03; and the eighth is for a permanent injunction. The relief that the plaintiff seeks includes: (a) a preliminary and permanent injunction against the defendant pursuant to § 2805 and Chapter 135 of the WFDL, enjoining the defendant from terminating and/or failing to renew plaintiff's franchises; (b) $2 million in punitive damages for defendant's conduct in disregard of plaintiff's rights under the PMPA; (c) reasonable, actual attorneys' and expert witness fees pursuant to the PMPA; and (d) such other relief as the Court deems just and equitable.

### A. *Parties' Arguments*

■ The defendant asserts that the language of the PMPA demonstrates that Congress intended actions brought pursuant to the Act to be tried by a court rather than by a jury. Title 15 U.S.C. § 2805(b)(1) states:

In any action under [2805(a)], the court shall grant such equitable relief as the court determines is necessary to remedy the effects of any failure to comply with

*Terminations and Nonrenewals Under Title I of the Petroleum Marketing Practices Act*, 1980 Duke L.J. 522; and Annotation, *Termination or Nonrenewal of Franchise to Sell Motor Fuel in Commerce Under Petroleum Marketing Practices Act (15 U.S.C.S. §§ 2801 et seq.)*, 53 A.L.R. Fed. 348 (1989).

the requirements of section 2802 or 2803 of this title, including declaratory judgment, mandatory or prohibitive injunctive relief, and interim equitable relief.

Further, 15 U.S.C. § 2805(d)(2) provides: "The question of whether to award exemplary damages and the amount of any such award shall be determined by the court and not by a jury." The defendant thus concludes that no right to jury trial exists in this action.[2]

The plaintiff avers that the PMPA provides for legal as well as equitable relief, and cites 15 U.S.C. § 2805(b)(1) & (2), and § 2805(d)(1)(A) for this proposition. The plaintiff therefore concludes that the PMPA does not alter the general rule regarding a party's right to jury trial: the Court would maintain jurisdiction over the equitable issues, and a jury would decide the actual monetary damages to be awarded. The plaintiff also states:

> The incident giving rise to the suit before the Court is the breach of contract alleged by Amoco. The real controversy to be tried is whether Baker fraudulently reported meter readings of gasoline sales, thereby breaching his franchise agreements with Amoco. The fact that equitable relief has been requested does not change the true nature of the controversy, which is a legal dispute subject to trial by jury.

Plaintiff's Letter Submission of June 29, 1990 at page 2.

### B. *Analysis*

■ The dispositive criteria in determining the right to a jury trial is the presence or absence of an action at law. If any of the claims at issue are legal rather than equitable, the right to a jury trial cannot be infringed upon. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). This query has been used to evaluate the right to a jury trial in suits under the PMPA.

■ In *Thompson v. Kerr–McGee Refining Corp.*, 660 F.2d 1380 (10th Cir.1981), *cert. denied*, 455 U.S. 1019, 102 S.Ct. 1716, 72 L.Ed.2d 137 (1982), the United States Court of Appeals for the Tenth Circuit recognized the authority for an award of actual damages found in § 2805(d)(1)(A) ("If the franchisee prevails in any action under subsection (a) of this section, such franchisee shall be entitled—(A) Consistent with the Federal Rules of Civil Procedure, to actual damages.") The court also noted that no language in the PMPA provides for a jury trial, and that the legislative history of the statute is silent on the matter. *Thompson*, 660 F.2d at 1386 (citing 1978 U.S.Code Cong. & Admin.News 873). In evaluating this issue, the Tenth Circuit cited the Supreme Court's conclusion that a right to a jury trial did exist in a private action under an analogous statute, 42 U.S.C. § 3612, the Fair Housing Act. Noting that Congress did not limit the right to a jury trial if the claimant sought actual damages, and hypothecating that if it wished to limit the right, Congress could have drafted a section similar to § 2802(d)(2), which reserves to the court the question of whether to award exemplary damages, the Tenth Circuit concluded that "the franchisee has a right to a jury trial for actual damages, upon demand, on his claim, under the Petroleum Marketing Practices Act." *Thompson*, 660 F.2d at 1386.[3] The court in

---

**2.** The defendant asserts that even if there did exist authority for the proposition that a right to a jury trial exists in an injunction action under the WFDL, that authority would not control because the PMPA preempts the WFDL in petroleum franchise cases. A read of *Moody v. Amoco Oil Co.*, 31 B.R. 216, 222 (Bankr.W.D.Wis. 1983), *aff'd in part, rev'd in part on other grounds*, 734 F.2d 1200, 1212 n. 10 (7th Cir. 1984), and 15 U.S.C. § 2806(a) confirms this assertion.

**3.** *See also Winks v. Feeney Oil Co., Inc.*, 731 F.Supp. 322, 325 (C.D.Ill.1990) (recognizing that "jury trials are available in at least certain cases arising under the PMPA," and citing *Thompson*); and *Martin v. Texaco, Inc.*, 602 F.Supp. 60, 62 (N.D.Fla.1985) (concluding that the question of deprivation of notification should be submitted to the jury, reasoning that "To make a jury issue of defendant's failure to provide the statement is consistent with the language of section 2805(d) and (e) that plaintiff may recover actual damages even if the court determines that the defendant should not be compelled to continue the franchise. In effect the issue is

*Thompson* addressed defendant's central argument that the language of the PMPA only provides for equitable relief. It found that although the language quoted does provide for equitable relief, these "statutory citations do not show that the only relief available under the [PMPA] is equitable." *Thompson*, 660 F.2d at 1386.[4]

As the Tenth Circuit and the plaintiff have noted, the PMPA does not address a party's right to a jury trial, and the legislative history is silent on the issue. Yet the PMPA provides for legal relief in the form of actual damages at § 2805(d)(1)(A), which states:

> If the franchisee prevails in any action under subsection (a) of this section, such franchisee shall be entitled—(A) Consistent with the Federal Rules of Civil Procedure, to actual damages; ...

Among those Federal Rules of Civil Procedure is Rule 38(a), which provides:

> "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

In the action *sub judice*, plaintiff seeks relief pursuant to § 2805(a). This includes actual damages as provided for in § 2805(d)(1)(A). Consequently, plaintiff has pleaded an issue triable by jury, as the Tenth Circuit in *Thompson* and other federal courts have concluded. Although plaintiff states that this is a "breach of contract" case, see paragraph quoted above, such a branding is perhaps self-serving, and incorrect considering this court's federal question subject matter jurisdiction over this action. Nevertheless, the plaintiff's characterization of his suit in his June 29, 1990 submission does not control: his Complaint does. That Complaint seeks relief pursuant to a statute that provides for damages. This Court agrees with and adopts the rationale of the Tenth Circuit Court of Appeals in *Thompson*, which

pointed to the ruling of the Supreme Court in *Curtis v. Loether*, 415 U.S. 189, 194–95, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974), in preserving a plaintiff's right to a jury trial when suing pursuant to the statute that provides for damages, § 2805(a) of the PMPA:

> When Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be made available if the action involves rights and remedies of the sort typically enforced in an action at law.

Contrary to defendant's assertion, the dismissal by Stipulation on July 13, 1990 of the defendant's Counterclaim seeking compensatory damages, a suit for monetary damages triable to a jury, did not remove the only cause of action that preserved the plaintiff's right to a jury trial from this action. Plaintiff has sued for relief pursuant to § 2805(a), thereby incorporating the provision for actual damages in § 2805(d)(1)(A) and its attendant recognition of Fed.R.Civ.P. 38(a) with its preservation of the right to jury trial. Accordingly, he is entitled to have this action tried to a jury.

## IV. SUMMARY

Under the foregoing reasoning, and pursuant to the dictate of Fed.R.Civ.P. 39(a), the Court determines that plaintiff is entitled to a jury trial under the applicable provisions of the PMPA.

SO ORDERED.

---

*one of damages and is necessarily a jury question."* [citing *Thompson*] ).

**4.** The defendant's attempt to distinguish *Thompson* in a letter of July 12, 1990 fails. As in the case at bar, *Thompson* involved a suit pursuant

to 15 U.S.C. § 2805(a). The possibility of actual damages therefore exists, as provided for in § 2805(d)(1)(A), thereby preserving a plaintiff's right to a jury trial pursuant to Fed.R.Civ.P. 38(a).