FRIEBURG FARM EQUIPMENT, INC., Frieburg Farm Equipment, Harold R. Frieburg, Charles Frieburg and Jerome Koosman, Plaintiffs,

v.

VAN DALE, INC., Defendant.

No. 89–C–0666–C.

United States District Court, W.D. Wisconsin.

Feb. 15, 1991.

H. Dale Peterson, Madison, Wis., for plaintiffs.

Ted Waskowski, Madison, Wis., for defendant.

## OPINION AND ORDER

CRABB, Chief Judge.

This case is before the court following a trial and jury verdict in plaintiffs' favor. The jury found that defendant Van Dale had breached an agreement with Frieburg by appointing additional dealers in a two-county territory and that Van Dale violated the Wisconsin Fair Dealership Law by terminating Frieburg's dealership.

Now pending are Van Dale's motions for judgment notwithstanding the verdict, pursuant to Fed.R.Civ.P. 50, or in the alternative, for a new trial, pursuant to Fed.R.Civ.P. 59, on both liability claims and for a new trial on the damages award. I conclude that the evidence in the record sufficiently supports the jury verdict on the contract and dealership claims and that Frieburg's failure to seek injunctive relief does not bar it from seeking a damages award for lost future profits as a matter of law.

From the record and for the sole purpose of deciding these motions, I find the following facts to be material.

## FACTS

In March 1986, Frieburg entered into a relationship to sell the farm equipment and other products of Van Dale. After filing an initial complaint in 1989 claiming breach of contract and violations of the Wisconsin Fair Dealership Law, plaintiffs filed an

amended complaint in January 1990 raising additional claims and seeking an injunction preventing the termination of Frieburg's dealership. Plaintiffs never moved for a preliminary injunction and Van Dale terminated Frieburg as a dealer in April 1990.

Following the jury verdict on liability, Van Dale urged this court to issue an injunction reinstating Frieburg as a Van Dale dealer rather than to allow plaintiffs to claim lost future profits during the damages phase of the trial. Plaintiffs argued that they no longer wanted an injunction and sought only monetary relief. This court did not issue an injunction and proceeded with the trial on damages. Plaintiffs' expert calculated the present value of Frieburg's lost profits over the next twenty years at $417,000. The jury awarded Frieburg $31,357 on the breach of contract claim and $133,915 on the dealership claim.

## OPINION

I will address summarily Van Dale's motions on the liability claims. In reviewing a jury verdict on a Rule 50 motion for judgment notwithstanding the verdict, a district court sitting in diversity applies the standard of the forum state. *Matter of Innovative Construction Systems, Inc.*, 793 F.2d 875, 880–81 (7th Cir.1986). The Wisconsin Supreme Court interprets the standard set out in Wis.Stat. § 805.14 as requiring the denial of the motion if there is any credible evidence in the record on which the jury could have based its decision. *Id.* at 881 (citing *Sumnicht v. Toyota Motor Sales, U.S.A.*, 121 Wis.2d 338, 360, 360 N.W.2d 2, 12 (1984)).

A motion for a new trial is governed by federal law and is addressed to the sound discretion of the trial judge. *Wassell v. Adams*, 865 F.2d 849, 854 (7th Cir.1989); *Robison v. Lescrenier*, 721 F.2d 1101, 1104 (7th Cir.1983). Under the federal standard, "a new trial can be granted only when the jury's verdict is against the clear weight of the evidence." *Wassell*, 865 F.2d at 854 (quoting *Davlan v. Otis Elevator Co.*, 816 F.2d 287, 289 (7th Cir.1987)). In reviewing the motion, the trial judge must grant great deference to the jury verdict. *Foster*

*v. Continental Can Corp.*, 783 F.2d 731, 735 (7th Cir.1986).

Van Dale contends that it is entitled to judgment notwithstanding the verdict on the breach of contract claim because the testimony describing the promise made by Van Dale to Frieburg is too vague to be legally enforceable. In the alternative, Van Dale argues that it should be granted a new trial because the great weight of the evidence indicates that the testimony regarding the promise given by Frieburg's witnesses is not credible. Van Dale also contends that the evidence shows that it had good cause to terminate Frieburg's dealership and provided Frieburg with proper notice of termination.

Pursuant to the Wisconsin Fair Dealership Law, a grantor such as Van Dale cannot terminate a dealership agreement without good cause. Wis.Stat. § 135.03. At trial, Van Dale had the burden of proving that it acted with good cause in terminating Frieburg's dealership. Wis.Stat. § 135.03. According to the statute, "good cause" means either bad faith on the part of the dealer or the dealer's failure "to comply substantially with essential and reasonable requirements imposed upon him by the grantor ... which requirements are not discriminatory as compared with requirements imposed on other similarly situated dealers." Wis.Stat. § 135.02(4)(a).

I have considered similar arguments made by Van Dale in support of its motions for summary judgment and for a directed verdict, both of which were denied on these issues. Based on the trial record, I find nothing to change my view that sufficient evidence exists to support the jury's findings that Van Dale breached a promise to Frieburg regarding the appointment of additional dealers in Frieburg's territory and that Van Dale terminated Frieburg's dealership without good cause or proper notice. I also conclude that the clear weight of the evidence does not preclude the jury's verdict on either liability claim. Accordingly, I will deny Van Dale's motions for judgment notwithstanding the verdict and, in the alternative, for a new trial on both the contract breach and dealership claims.

I turn now to the closer question whether Van Dale is entitled to a new trial on damages. Van Dale urges this court to adopt the view that, as a matter of law, a terminated dealer's duty to mitigate its damages requires it to accept an injunction restoring it to dealership status if there are no substantial impediments to its doing so.

Wisconsin law recognizes that "[a]n injured party has a duty to mitigate damages, that is, to use reasonable means under the circumstances to avoid or minimize the damages." *Kuhlman, Inc. v. Heileman Brewing Co.*, 83 Wis.2d 749, 752, 266 N.W.2d 382, 384 (1978). The party causing the injury has the burden of proving that the injured party could have mitigated its damages. *Sprecher v. Weston's Bar, Inc.*, 78 Wis.2d 26, 42, 253 N.W.2d 493, 500 (1977). "If the effort, risk, sacrifice or expense which the injured person must incur to avoid or minimize the loss or injury is such that a reasonable person under the circumstances might decline to incur it, the injured party's failure to act will not bar recovery of full damages." *Kuhlman*, 83 Wis.2d at 752, 266 N.W.2d at 384.

In *Kuhlman*, Heileman had sued Kuhlman for breach of contract claiming that Kuhlman installed defective industrial refrigeration equipment at the Heileman plant. The trial court instructed the jury that Heileman had a duty to mitigate damages that required Heileman to ask Kuhlman to comply with its warranty on the equipment unless Kuhlman indicated that it would ignore such requests. The Wisconsin Supreme Court held that the trial court erred in instructing the jury that the only reasonable course of conduct was to seek out Kuhlman to make repairs. The "question whether Heileman afforded or failed to afford Kuhlman the opportunity to make the repairs was a factor for the jury to consider in determining whether Heileman exercised ordinary care to mitigate its damages." *Kuhlman*, 83 Wis.2d at 755, 266 N.W.2d at 385. In *Lobermeier v. General Telephone Co. of Wisconsin*, 119 Wis.2d 129, 349 N.W.2d 466 (1984), the supreme court held that the court erred in instructing the jury that the injured party did not have to submit to a second operation in order to mitigate her damages. The question whether reasonable conduct required submission to a second operation was a question of fact for the jury. *Id.*, 119 Wis.2d at 143, 349 N.W.2d at 474. These cases illustrate the Wisconsin courts' close adherence to the general principle that whether an injured party has acted reasonably to minimize damages is a question of fact for the jury.

Federal courts also follow the general rule of submitting to the jury the question whether a party has made reasonable efforts to mitigate its damages. *See Smith v. Rowe*, 761 F.2d 360, 366–67 (7th Cir. 1985). In *Esch v. Yazoo Manufacturing Co.*, 510 F.Supp. 53 (E.D.Wis.1981), the court denied an argument similar to the one advanced by Van Dale. On the plaintiffs' motion for summary judgment, the court found that the defendant violated the fair dealership law by terminating plaintiffs' distributorship. The defendant argued that the resulting jury award of damages was excessive because the plaintiffs should have accepted its offer of reinstatement to mitigate almost all their damages. Reviewing the jury instructions on mitigation of damages, the court concluded that the jury "apparently chose to find that the reinstatement offer was too risky and, therefore, plaintiffs did not have to accept it." The court held that the defendant's failure to meet its burden of proof on the mitigation of damages question was not grounds for a new trial. *Id.* at 56.

In this case, Van Dale contends that the court should have held that Frieburg's failure to seek injunctive relief barred Frieburg from recovering monetary damages, rather than treating the question as simply a factor for the jury to consider. In support of its position, Van Dale relies on another fair dealership case, *Wilburn v. Jack Cartwright, Inc.*, 514 F.Supp. 493 (E.D.Wis.1981), *rev'd on other grounds*, 676 F.2d 698 (7th Cir.), *on remand*, 543 F.Supp. 174 (E.D.Wis.1982), *rev'd*, 719 F.2d 262 (7th Cir.1983). In *Wilburn*, the court granted the plaintiff a preliminary injunction to prevent termination of the relationship between the plaintiff and the defen-

dant. At trial, the plaintiff sought lost future profits as damages rather than a continuation of the injunction. In denying the damages award, the court distinguished *Esch* by finding implicit in its ruling "the proposition that an award for future lost profits is an acceptable remedy under the Fair Dealership Law if continuation of the relationship is doomed to failure." *Id.* at 499. The court found that the defendant had not demonstrated its unwillingness to work with plaintiff within the confines of the statute and found that making the preliminary injunction permanent would be the appropriate remedy. To avoid providing plaintiffs with a windfall, the court held, a "wronged dealer should recover an award of future lost profits only in the most egregious case." *Id.*

■ Van Dale's reliance on *Wilburn* is misplaced. *Wilburn* involved a trial to the court, not a jury. The court did not address whether the nature of the relationship between the parties was a jury question. Moreover, to the extent that the opinion in *Wilburn* can be read as holding that failure to seek injunctive relief in a dealership case constitutes failure to mitigate damages as a matter of law, except in the most egregious case, I believe it overstates the law in Wisconsin. A dealer is not required to incur unreasonable effort, risk, sacrifice or expense to avoid damages. *Kuhlman*, 83 Wis.2d at 752, 266 N.W.2d at 384; *see also Esch*, 510 F.Supp. at 56 (dealer need not accept position that is less than what it had before or too risky, demeaning, or insecure). Removing the issue of the dealer's duty to mitigate damages from the jury should be the rare exception, not the rule.

The holding urged by Van Dale is similar to the analysis followed by courts interpreting the proper remedy for violations of the Age Discrimination in Employment Act. In such cases, reinstatement is the preferred remedy for an injured plaintiff. *McNeil v. Economics Laboratory, Inc.*, 800 F.2d 111, 118 (7th Cir.1986), *cert. denied*, 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 823 (1987). "Front pay," or compensation for lost future earnings, is available only "when reinstatement is infeasible or inappropriate." *Id.* The decision to award front pay is within the discretion of the trial court and cannot be submitted to the jury. *Id.* at 119; *Coston v. Plitt Theatres, Inc.*, 831 F.2d 1321, 1333 n. 4 (7th Cir.1987), *vacated on other grounds*, 486 U.S. 1020, 108 S.Ct. 1990, 100 L.Ed.2d 223 (1988). If the court concludes that front pay is appropriate, the jury determines the amount of damages. *Id.; Hansard v. Pepsi–Cola Metropolitan Bottling Co.*, 865 F.2d 1461, 1470 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 129, 107 L.Ed.2d 89 (1989).

■ This analysis makes sense in light of the language of the age discrimination act, which specifically vests the court with discretion to fashion "such legal and equitable relief as may be appropriate." 29 U.S.C. § 626(b). The Wisconsin Fair Dealership Law contains no corresponding language. Instead, the fair dealership law provides that a dealer injured by a violation of the law may bring an action for damages and "also may be granted injunctive relief." Wis.Stat. § 135.06. Although a court may require a dealer to elect between inconsistent remedies of injunctive relief and monetary damages prior to trial, *Lakefield Telephone Co. v. Northern Telecom, Inc.*, 679 F.Supp. 881, 883–84 (E.D.Wis. 1988), the fair dealership law does not mandate a preference for injunctive relief or restrict the jury determination on damages.

Had this case been a bench trial, I might have reached a result different from that reached by the jury in its verdict and damage award. However, Wisconsin law allows the jury to consider whether Frieburg acted reasonably to mitigate its damages by forgoing an injunction and reinstatement as a Van Dale dealer. The jury award on plaintiffs' dealership claim is far below the amount of lost future profits calculated by their expert. I conclude that the jury decision is not contrary to the clear weight of the evidence and will deny Van Dale's motion for a new trial on the damages award.

ORDER

IT IS ORDERED that defendant Van Dale's motions for judgment notwithstand-

ing the verdict and, in the alternative, for a new trial on the plaintiffs' claims of breach of contract and violation of the Wisconsin Fair Dealership Law are DENIED.

IT IS FURTHER ORDERED that defendant Van Dale's motion for a new trial on the issue of damages is DENIED.