**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**Edythe SANDERS, et al., Defendants.**

Civ. A. No. 89–646.

United States District Court,
W.D. Pennsylvania.

Jan. 8, 1992.

John R. Dingess, Pittsburgh, Pa., for plaintiff.

K. Lawrence Kemp, New Kensington, Pa., Mary E. Bower, Harry S. Cohen, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

LEWIS, District Judge.

The FDIC filed suit on August 3, 1989, seeking declaratory relief against Edythe Sanders, Ken Penn Amusements, Inc., Nova Expositions, Inc., Citizens Bank and Algemene Bank.

Count I of the complaint sought a declaration that the March 25, 1988 sale by the Westmoreland County Sheriff to Edythe Sanders of vehicles and amusement rides which were subsequently seized by a United States Marshal at the FDIC's direction (the "Sheriff's sale") should be set aside due to the gross inadequacy of price paid by defendant Sanders. Counts II and III sought declarations that the Sheriff's sale should be set aside due to fraud and a fraudulent conveyance, respectively. Count IV sought a declaration that the FDIC has the right to sell the amusement rides and vehicles free and clear from any interests asserted by the defendants. As to all counts, the FDIC's complaint sought further relief as the court deems just and proper, including the FDIC's costs and attorneys' fees.

The FDIC did not demand a jury trial on its complaint. More than two years after the filing of the FDIC's complaint, defendant Edythe Sanders filed a demand for a jury trial. The FDIC moved to quash this jury demand on October 23, 1991. The interested parties have briefed the issues and the matter is ready for decision.

Defendant Sanders argues that the FDIC's complaint seeks relief that is legal in nature, and that a jury trial is required by the Seventh Amendment to the United States Constitution. The FDIC counters that the demand should be quashed because its complaint merely seeks a judicial determination of the relative rights of the parties to this action in certain amusement rides and vehicles currently in the possession of the United States Marshal for the Southern District of West Virginia, relief

historically classified as equitable in nature.

The basic right to a jury trial in actions at law is memorialized in the Seventh Amendment, which provides in pertinent part:

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ...

It has fallen to the courts to determine whether a right to a jury trial exists on a given claim. The United States Supreme Court has approved a two-step analysis in resolving such matters:

First, we compare the statutory action to 18th–century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.

*Tull v. United States,* 481 U.S. 412, 417–418, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987) (citations omitted). The Court also pointed out that the second step is more important than the first. *Id.* at 421, 107 S.Ct. at 1837. *Accord Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990); *see also Owens–Illinois, Inc. v. Lake Shore Land Co.,* 610 F.2d 1185 (3d Cir.1979) (when determining whether the "nature" of a claim is legal or equitable the key inquiry is "whether the issues raised by the pleadings are such as would be triable to a jury at common law").

A declaratory judgment action is inherently neither equitable nor legal. *Simler v. Conner,* 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963); *see also Owens–Illinois, Inc. v. Lake Shore Land Co., Inc.,* 610 F.2d at 1189. The Court of Appeals for the Third Circuit has applied the following test when attempting to arrive at a determination:

If the declaratory judgment action does not fit into one of the existing equitable patterns but is essentially an inverted lawsuit—an action brought by one who would have been a defendant at common law—then the parties have a right to a jury. But if the action is the counterpart of a suit in equity, there is no such right. *Id.* at 1189.

The contrast between the typical "inverted lawsuit" and this case makes it clear that a non-jury proceeding is appropriate on the FDIC's claims. The quintessential inverted lawsuit is brought by an insurance company seeking a declaration that an accident in which its insured was involved falls within a policy exclusion. Such a lawsuit may be interposed in an effort to preempt a claim by the insured for money damages arising out of the coverage dispute. The lawsuit is fundamentally defensive. *See* Wright & Miller, *Federal Practice and Procedure:* Civil § 2313. To the contrary, Counts I–IV of the FDIC's complaint seek non-monetary, affirmative relief that fits neatly within "existing equitable patterns." The FDIC's boilerplate request for "other and further relief as the court deems just and proper" (costs, attorneys' fees, etc.) does not alter the basic equitable nature of these claims.

Defendant Sanders rests her argument for a jury trial on *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Despite a superficial similarity to the case at bar, *Granfinanciera* is not persuasive. The relief sought in that case was radically different. The *Granfinanciera* decision arose out of an action by a bankruptcy trustee to recover an allegedly fraudulent monetary transfer of a determinate sum of money ($1.68 million). The Supreme Court reversed the appellate court's decision that actions to recover fraudulent conveyances are equitable in nature, even when a plaintiff seeks only monetary relief, because bankruptcy proceedings are inherently equitable. *Granfinanciera,* then, merely re-affirmed the principle that a complaint that requests a money judgment is unquestionably legal. *See e.g., Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 477, 82 S.Ct. 894, 899–900, 8 L.Ed.2d 44 (1962); *Whitehead v. Shattuck,* 138 U.S. 146, 152, 11 S.Ct. 276, 277, 34 L.Ed. 873 (1891). The majority opinion's repeated references to the fact that the bankruptcy trustee in *Granfinanciera*

sought the recovery of a fixed sum of money without reference to forms of equitable relief emphasize the centrality of that fact to the holding. *See e.g., Id.* at 36, 43, 45, 47–49, 109 S.Ct. at 2787, 2791, 2792, 2793–94.

Therefore, the FDIC's motion to quash defendant Sanders' demand for a jury trial will be granted.