**DOUCAS VOLKSWAGEN, INC., Plaintiff,**

v.

**VOLKSWAGEN OF AMERICA, INC., d/b/a Volkswagen United States, Inc., Defendant.**

No. 94–C–1307.

United States District Court, E.D. Wisconsin.

July 24, 1995.

Trebon & Mayhew by Gerald J. Mayhew, Milwaukee, WI, for plaintiff.

Keck, Mahin & Cate by Robert L. Reeb and James Vogler, Chicago, IL, for defendant.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

This action was commenced on August 19, 1994, with the filing of a complaint with the state of Wisconsin division of hearings and appeals. The defendant, Volkswagen of America, Inc., d/b/a/ Volkswagen United States, Inc. ["Volkswagen"], filed a notice of removal in the United States district court for the western district of Wisconsin on September 15, 1994. On October 3, 1994, the plaintiff, Doucas Volkswagen, Inc. ["Doucas"], made a timely demand for a trial by jury.

After briefing on the issue of removal from a state administrative agency, Judge Barbara B. Crabb granted the defendant's motion for removal pursuant to 28 U.S.C. § 1441(a). Judge Crabb also granted the motion of Doucas to transfer the case to the eastern district of Wisconsin pursuant to 28 U.S.C. § 1404(a). Presently before the court is the defendant's motion to strike the plaintiff's jury demand.

■ The Seventh Amendment to the United States Constitution defines one's right to a trial by jury; it provides that "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, . . . ." The dispositive criteria in determining the right to a jury trial under the Seventh Amendment is the presence or absence of an action at law. *Baker v. Amoco Oil Co.,* 751 F.Supp. 1357, 1359 (E.D.Wis.1990), *aff'd,* 956 F.2d 639 (7th

Cir.1992). If any of the claims at issue are legal rather than equitable, the right to a jury trial cannot be infringed. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

In its motion, Volkswagen maintains that the plaintiff is not entitled to a jury trial because its action seeks only equitable relief. In response, Doucas argues that while its action is based upon a statutory non-monetary remedy, it is nonetheless entitled to a jury because its action "is in the nature of a suit at common law."

It is undisputed that Doucas' complaint was filed pursuant to Wis.Stats. § 218.01(2)(bd)2, which provides:

Any dealer or distributor discontinued or canceled may, on or before the date on which the discontinuance or cancellation becomes effective, file with the department and division of hearings and appeals and serve upon the respondent a complaint for a determination of unfair discontinuation or cancellation under [218.01(3)(a)17]. Allowing opportunity for an answer, the division of hearings and appeals shall thereafter schedule a hearing on and decide the matter. Agreements and certificates of appointment shall continue in effect until final determination of the issues raised in such complaint. If the complainant prevails he or she shall have a cause of action against the defendant for reasonable expenses and attorney fees incurred by him or her in such matter.

Unfair discontinuation or cancellation of a dealership under Wis.Stats. § 218.01(3)(a)17, is defined as being "without due regard to the equities or without just provocation...."

According to the allegations of the complaint, Doucas is a licensed motor vehicle dealer under Wis.Stats. § 218.01 and Volkswagen is a licensed motor vehicle manufacturer and distributor under that statute. The relief that the plaintiff seeks is an order prohibiting Volkswagen from terminating Doucas' dealership agreement. In other words, Doucas requests injunctive relief. Doucas also seeks reasonable expenses and attorney's fees.

In my opinion, the plaintiff is not entitled to a jury trial as its action is entirely equitable in nature. It is undisputed that the statute pursuant to which the plaintiff brings its action contemplates relief only in the form of an order enjoining a manufacturer or distributor from terminating or cancelling a dealership agreement. Moreover, the parties agree that, had this matter not been removed, the plaintiff would not have been entitled to a jury trial in connection with the proceedings before the Wisconsin division of hearings and appeals.

The plaintiff argues that its case is akin to a claim alleging a breach of the duty to exercise good faith and to deal fairly which it contends is grounded in the common law. This description is actually self-serving and is unsupported by any authority. More importantly, the plaintiff's characterization of its lawsuit in its July 19, 1995, submission does not control; the complaint does. *See Baker,* 751 F.Supp. at 1360. That complaint seeks relief pursuant to a state statute that affords an equitable remedy and does not provide for damages. Doucas' request for costs and attorney's fees does not alter the equitable nature of its action. *See Federal Deposit Insurance Corp. v. Sanders,* 785 F.Supp. 528, 529 (W.D.Pa.1992).

Additionally, the plaintiff's reliance on *Frieburg Farm Equipment, Inc. v. Van Dale, Inc.,* 756 F.Supp. 1191, 1192 (W.D.Wis. 1991), *aff'd,* 978 F.2d 395 (7th Cir.1992), is misplaced. In *Frieburg,* the plaintiff was permitted to submit its unfair termination claim under the Wisconsin Fair Dealership Law ["WFDL"] to a jury. However, unlike the case at hand, the plaintiff in *Frieburg* demanded relief in the form of damages and the WFDL allowed for such relief. The plaintiff also relies on the decision of the court of appeals for the seventh circuit in *U.S. v. Balistrieri,* 981 F.2d 916, 927 (7th Cir.1992), *cert. denied,* — U.S. —, 114 S.Ct. 58, 126 L.Ed.2d 28 (1993), to support its jury demand. In *Balistrieri,* the court allowed the government's jury demand to stand in an action under the Fair Housing Act. However, *Balistrieri* is also distinguishable from the case at hand as the gov-

ernment in that case was seeking damages for the alleged statutory violation.

Therefore, IT IS ORDERED that the defendant's motion to strike the plaintiff's jury demand be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's jury demand be and hereby is stricken.

IT IS FURTHER ORDERED that the July 31, 1995, trial in this action shall be a trial to the court sitting without a jury.